The **DARTMOUTH PLAN, INC.,** Plaintiff,

v.

Lot **DELGADO,** Irene R. **Delgado,** Midlothian State Bank, and Unknown Others, Defendants.

Lot **DELGADO,** et al., Counterclaimants,

v.

The **DARTMOUTH PLAN, INC.,** et al., Counterdefendants.

No. 90 C 1733.

United States District Court, N.D. Illinois, E.D.

April 26, 1990.

**1490**

Richard J. Rappaport, Arthur F. Radke and Patricia K. Smoots, Ross & Hardies, Chicago, Ill., for Dartmouth Plan, Inc.

Stanley J. Adelman, Peter S. Lubin and John E. Mitchell, Rudnick & Wolfe, Chicago, Ill., for N.B.D. Bank Evanston and N.B.D. Bank, Arlington Heights.

Daniel A. Edelman and Lawrence Walner, Chicago, Ill., for defendants.

Paul W. Schroeder, Jones Day Reavis & Pogue, Chicago, Ill., and June K. Ghezzi, for National City Bank, Security Fed. Sav. and Loan Ass'n, European American Bank, and Goldome Bank.

Edward C. Fitzpatrick and Albert E. Fowerbaugh, Jr., Chicago, Ill., for Old Republic Ins. Co.

## MEMORANDUM OPINION AND ORDER

HART, District Judge.

Presently before the court is defendants' motion to remand this case to the state court from which it was removed. It is first necessary to set forth the relevant proceedings that occurred in state court.[1]

In 1985, defendants Lot and Irene Delgado had improvements done on their home. A retail installment contract was used to finance the improvements. Plaintiff The Dartmouth Plan, Inc. provided financing and thus obtained a second mortgage on the Delgado's residence. Counterdefendant National City Bank purchased the mortgage from Dartmouth, but Dartmouth continued to service the mortgage. The Delgados subsequently claimed that the work done on their home was defective and apparently stopped paying the mortgage. They also claim that certain documents were backdated to prevent them from exercising their rescission rights under the federal Truth in Lending Act ("TILA") and that other acts of fraud were committed. In July 1987, Dartmouth brought a foreclosure suit against the Delgados. The suit was filed in the Circuit Court of Cook County, Illinois and also named Midlothian State Bank, the holder of the first mortgage, as a defendant. The Delgados answered the complaint in August 1987, raising affirmative defenses of procedural and substantive unconscionability. At the time, the Delgados apparently did not yet know that Dartmouth had assigned the mortgage to another entity.

On December 8, 1989, the Delgados filed their Amended Answer and Counterclaim. In addition to Dartmouth, they named National City Bank, Old Republic Insurance Company, and Household Bank as counterdefendants. The counterclaim was alleged to be a class action. The affirmative defenses and counterclaims included claims under the Illinois Consumer Fraud and Deceptive Business Practices Act, the Sales Finance Agency Act, TILA, and the Illinois Retail Installment Sales Act and a breach of contract claim. On January 24, 1990, the Delgados filed the Second Amended Answer and Counterclaim. Francisco Salazar, Jane Salazar, Geraldine Love, Sugar Hudson, and Linda Hudson were added as named class plaintiffs on the counterclaim.

---

1. Despite the fact that the removing parties devote a majority of their brief to describing other suits involving The Dartmouth Plan, Inc. and mortgageholders represented by the same attorneys who represent the Delgados, in an attempt to impugn the attorneys, those suits are largely, if not entirely, irrelevant to the question of whether this court has proper jurisdiction over the removed case. Therefore those other cases involving Dartmouth are not described in this opinion. Likewise, the more restrained attempt to impugn the attorneys for the removing parties is also largely ignored as is the irrelevant digression on the question of whether Dartmouth actually has committed the wrongs that the mortgageholders accuse them of.

Three officers of Dartmouth; Citibank, N.A.; Northeast Savings, F.A.; First Cook County Federal Savings & Loan Association; Norwood Federal Savings Bank; N.B.D. Bank Evanston, N.A.; N.B.D. Arlington Heights Bank; Security Federal Savings & Loan Association; European American Bank; Goldome Bank; Madison Bank; and Madison Bank & Trust Company were added as counterdefendants. The counterclaims and defenses were still under the same statutes and common law theories.

On February 22, 1990, the Third Amended Answer and Counterclaim was filed. No new parties were added. Some of the statutory counts were restated in more than one count each. Claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO") were added as to all defendants and an action to quiet title was separately stated as regards Dartmouth. On March 23, 1990, counterdefendants National City Bank, European American Bank, Goldome Bank, Northeast Savings, F.A., and Security Federal Savings & Loan Association filed their notice of removal to federal court. Defendants moved for a remand within 30 days. Five of the counterdefendants filed written statements that they do not consent to removal. Eight other counterdefendants did not express their views.

■ The removing counterdefendants must overcome three hurdles in order to show that removal was proper under 28 U.S.C. §§ 1441 and 1446. They must show that they are proper parties to remove, that the removal was timely, and that the claims against them are separate and independent. The removal fails on all three of these grounds.

In their pleadings, defendants labeled the removing parties as counterdefendants. In the notice of removal, the removing parties stated they should be more properly characterized as third-party defendants. Defendants point to this characterization by the removing parties and argue that third-party defendants cannot remove. *See Thomas v. Shelton,* 740 F.2d 478 (7th Cir. 1984). The legal characterizations stated in a complaint, however, are not controlling; the factual allegations are ordinarily what controls. In this case it is not actually the facts alleged in the complaint, but the nature of the proceedings that have already occurred. In determining the removing parties' proper characterization, federal law controls. *Chicago, Rock Island & Pacific R.R. v. Stude,* 346 U.S. 574, 579–80, 74 S.Ct. 290, 294–95, 98 L.Ed. 317 (1954); C.A. Wright, A. Miller, & E. Cooper, Federal Practice & Procedure § 3731 at 502–03 (2d ed. 1985).

■ The removing parties are not properly characterized as third-party defendants. Third-party claims are those in which a defendant claims a third-party is liable to the defendant for all or part of the plaintiff's claim against the defendant. *See Thomas,* 740 F.2d at 486; Fed.R.Civ.P. 14(a). Defendants are not seeking to hold any of the alleged counterdefendants liable to defendants for any liability defendants may owe to plaintiff. Instead, defendants allege counterdefendants are directly liable to them for injuries to defendants.

The removing parties argue that they should not be considered counterdefendants who have no right to remove because the removing parties are not themselves plaintiffs. Apparently, only one published case addresses this issue and it holds that such counterdefendants cannot remove. *Tindle v. Ledbetter,* 627 F.Supp. 406, 407 (M.D.La.1986). The removing parties in this case are properly characterized as counterdefendants. A counterclaim is any suit by a defendant against the plaintiff including any claims properly joined with the claims against the plaintiff. *See* Fed.R. Civ.P. 13(a)–(c). A counterdefendant need not also be a plaintiff. *See* Fed.R.Civ.P. 13(h).

In determining whether removal is appropriate, the focus is on the original complaint. *Franchise Tax Board of California v. Construction Laborers Vacation Trust for Southern California,* 463 U.S. 1, 10, 103 S.Ct. 2841, 2846–47, 77 L.Ed.2d 420 (1983); *Elkhart Cooperative Equity Exchange v. Day,* 716 F.Supp. 1384, 1387 (D.Kan.1989); *Tindle,* 627 F.Supp. at 407.

The claims against the counterdefendants were not part of the original case. It is recognized that a counterdefendant who is not a plaintiff does not voluntarily choose to bring suit in state court and thus can be viewed in a different light than the counterdefendant who is also a plaintiff. *Compare Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 106, 61 S.Ct. 868, 871, 85 L.Ed. 1214 (1941). The Seventh Circuit, however, has indicated that third-party claims that would be removable if in a suit separate from the first-party action are not removable when joined with the first-party action because federalism principles and the language of § 1441 militate against allowing a third-party action to bring otherwise nonremovable claims into federal court with it. *See Thomas*, 740 F.2d at 486; *Elkhart*, 716 F.Supp. at 1388. Like the nonplaintiff counterdefendant, a third-party defendant is a party who has not voluntarily chosen to be in state court. But just as a third-party has no special rights to remove, neither does a nonplaintiff counterdefendant. A counterdefendant is not a defendant joined in the original action and therefore not a party that can remove a state action to federal court.[2]

■ Even if the counterdefendants should be considered defendants under §§ 1441(a) and 1446(a), their petition was not timely and defendants have, within 30 days, raised an objection to the timeliness of counterdefendants' notice of removal. *See* 28 U.S.C. § 1447(c). Section 1446(b) provides that the notice of removal must be filed within 30 days of service of the original complaint or any subsequent pleading or other paper from which it first became apparent that the action was removable. Since counterdefendants were not parties to the original complaint, that document does not control as regards the timing of removal. National City Bank is the only removing party that was named in the first Amended Answer. The Amended Counterclaim contained a federal cause of action, the TILA claim, but it is unnecessary to

determine the effect on timeliness of the First Amended Counterclaim since the Second Amended Counterclaim otherwise makes the notice of removal untimely.

The Second Amended Counterclaim includes a federal TILA count and names all the present counterdefendants including all the parties who seek removal. Counterdefendants contend they could not remove the Second Amended Counterclaim because it was withdrawn prior to the expiration of the thirty days allowed for removal. Counterdefendants, however, do not point to any document or court transcript showing the Second Amended Counterclaim was withdrawn. Defendants contend they were merely granted leave to file an amended complaint. They also fail to point to any document or transcript showing this, but the burden of showing timeliness is on the removing parties. In any event, the Third Amended Counterclaim was on file prior to the expiration of the 30 days. It is well settled that amending an otherwise removable complaint does not, absent special circumstances, extend the time for filing the removal petition. Wright, Miller, & Cooper, § 3732 at 525. The mere filing of an amended complaint within 30 days did not give counterdefendants an additional 30 days to file their notice of removal.

Counterdefendants argue that the Third Amended Counterclaim falls within the exception discussed in *Wilson v. Intercollegiate (Big Ten) Conference Athletic Association*, 668 F.2d 962 (7th Cir.), *cert. denied*, 459 U.S. 831, 103 S.Ct. 70, 74 L.Ed.2d 70 (1982). If an amended complaint so changes the nature of an action as to constitute "substantially a new suit", *id.* at 965 (quoting *Fletcher v. Hamlet*, 116 U.S. 408, 410, 6 S.Ct. 426, 426–27, 29 L.Ed. 679 (1886)), or "an entirely new and different suit", *id.* at 965 (quoting *Cliett v. Scott*, 233 F.2d 269, 271 (5th Cir.), *cert. denied*, 352 U.S. 917, 77 S.Ct. 215, 1 L.Ed.2d 123 (1956)), then a defendant is given additional time to seek removal. Counterdefendants

---

2. Since it is held that counterdefendants cannot remove an action, it is unnecessary to consider defendants' argument that National City Bank cannot remove because it, not Dartmouth, may be the real party in interest in the foreclosure action and therefore National City might be a plaintiff-counterdefendant.

argue defendants' various amendments and the relation of this suit to other suits against Dartmouth indicate a deliberate attempt to prevent removal. Since the Third Amended Counterclaim does not constitute a new and different suit, it is unnecessary to resolve questions of defendants' motives.[3] *See Wilson,* 668 F.2d at 966. The Third Amended Counterclaim did not change the "basic legal theory," *id.,* as to what actions of counterdefendants constituted the wrongdoing. The new theories that counterdefendants claim were added were alleged in the Second Amended Counterclaim. The Third Amended Counterclaim only separated into multiple counts some theories that had been combined in single counts in the Second Amended Counterclaim. RICO claims were added, but they relied on the same wrongdoing and a pattern of illegal activity had already been alleged in the prior pleading. While RICO provides for treble damages, the amount of recoverable damages under RICO would not be significantly greater than the penalties allowable under TILA, which provides for substantial statutory damages. The Third Amended Counterclaim did not constitute a new and different suit and therefore did not extend the time period for filing a notice of removal.

 The removing parties concede that this action was not removable pursuant to § 1441(a) because some of the counterdefendants oppose removal. *See Thomas,* 740 F.2d at 483. Therefore, even if the other requirements were satisfied, this case would only be removable if the counterclaims against the removing parties were "separate and independent" claims under § 1441(c). The removing parties argue that the counterclaims against them are separate and independent from all the other counterdefendants. This may possibly

be true of the other banks which are named as counterdefendants. However, it is not true of the counterclaims against Dartmouth, the party that assigned the mortgages to each bank and for whose actions defendants seek to hold the counterdefendant banks liable.[4] The counterclaim against Dartmouth is not removable since Dartmouth is the plaintiff in the case. *Shamrock, supra.* The counterclaims against the removing parties are not separate and independent from at least one nonremovable claim with which they are joined; therefore, the requirements of § 1441(c) are not satisfied.

Defendants request sanctions against the removing parties and their attorneys pursuant to Fed R.Civ.P. 11 on the ground that the removal was frivolous. As the previous discussion indicates, the attempted removal was not without any basis in the law. Therefore, sanctions will not be awarded under Rule 11. Pursuant to 28 U.S.C. § 1447(c), however, defendants are awarded the reasonable costs, expenses, and attorney's fees incurred as a result of removal. These are to be paid by the removing parties except that the amounts related to the reply to Dartmouth's memorandum in support of removal are to be paid by Dartmouth. No fees will be awarded for the section of that reply entitled "Dartmouth is not a legitimate business that lawyers are picking on."

IT IS THEREFORE ORDERED that the motion of defendants-counterclaimants to remand case and impose sanctions is granted in part and denied in part. Pursuant to 28 U.S.C. § 1447(c), the Clerk of the Court is directed to remand this case to the Circuit Court of Cook County, Illinois, County Department, Chancery Division, 10 days after the entry of this order. Jurisdiction is

---

**3.** It would appear, though, that counterdefendants' contentions are inconsistent with the facts. If defendants were interested in lulling counterdefendants into not removing the case, it is more likely that all parties would have been added before defendants began expanding their counterclaim and the Third Amended Counterclaim would not have been filed prior to expiration of the 30–day period for removal. Instead, defendants' actions were consistent with the discovery process revealing additional counterde-

fendants and the Supreme Court ruling on January 22, 1990 that state courts have jurisdiction over RICO claims. *See Tafflin v. Levitt,* —— U.S. ——, 110 S.Ct. 792, 107 L.Ed.2d 887 (1990).

**4.** Officers of Dartmouth are also named as counterdefendants. The counterclaims against them are even more clearly inseparable from the counterclaim against Dartmouth.

reserved solely to enter judgment in favor of defendants-counterclaimants and against counterdefendants The Dartmouth Plan, Inc., National City Bank, European American Bank, Goldome Bank, Northeast Savings, F.A., and Security Federal Savings & Loan Association awarding defendants-counterclaimants their reasonable costs, expenses, and attorney's fees incurred as a result of removal.