**JEFFREY M. GOLDBERG & ASSOCIATES, et al., Plaintiffs,**

v.

**COLLINS, TUTTLE & COMPANY, INC. et al., Defendants.**

**Nos. 89 C 9210, 89 C 9235.**

United States District Court, N.D. Illinois, E.D.

June 5, 1990.

---

Evan B. Karnes, Oppenheimer, Wolf & Donnelly, Jeffrey M. Goldberg, Jeffrey M. Goldberg & Associates, Ltd., Chicago, Ill., for plaintiffs.

Stephen G. Seliger, Joel M. Hellman, Gus A. Paloian, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

HOLDERMAN, District Judge:

Presently before the court is plaintiffs' motion pursuant to 28 U.S.C. § 1447(c) to remand these related cases to the state court from which they were removed. For the reasons set forth below, plaintiffs' motion will be granted.

### Background Facts

Plaintiff Jeffrey M. Goldberg & Associates, Ltd. is a professional corporation engaged in the practice of law in Chicago, Illinois. (Amendment to Complaint, ¶ 18.) Jeffrey M. Goldberg is the sole shareholder of Jeffrey M. Goldberg & Associates, Ltd. (Id., ¶ 17.) (Hereinafter plaintiffs will collectively be referred to as "Goldberg.") On August 27, 1987 Goldberg filed suit in the Circuit Court of Cook County, Chancery Division against defendants Collins, Tuttle & Company, Inc. ("Collins") and Harris Trust & Savings Bank.

According to Goldberg's original state court complaint, the parties had agreed to all of the principal terms of a lease for a suite of offices on the 31st floor of the building located at 20 North Clark Street in Chicago (the "building"). Relying on this meeting of the minds, Goldberg expended significant sums of money contracting for, among other things, custom designed millwork, cabinetry and furniture. (Complaint, ¶ 15.) In late August of 1987, however, Goldberg was informed that a potential buyer of the building had indicated that it would not approve the lease agreement negotiated between Goldberg and Collins. (Complaint, ¶ 22.) Concerned over the effect of the proposed sale of the building on the authority of Collins "to cause compliance with the agreement between the par-

ties," Goldberg filed suit. (Complaint, ¶ 23.) The original complaint sought an injunction compelling defendants to "enter and complete a written lease" prior to the sale of the building and to pay any damages incurred by Goldberg as a result of defendants' delay in completing construction of the proposed suite of offices. (Complaint, p. 6, ¶¶ A–C.)

On September 14, 1987 Judge Sklodowski of the Circuit Court of Cook County issued an order compelling Collins and Harris Bank to "present a lease with all its subparts" to plaintiff by September 16, 1987. (Amended Complaint, Ex. 1.)

On September 15, 19°° Goldberg filed an amended complaint in state court which added Hiro Real Estate Co. ("Hiro") as a defendant. Hiro is a general partnership, the general partners of which are corporations incorporated under the laws of the State of New York and whose principal places of business are in that state. (Hiro Notice of Removal, ¶ 5.) Hiro purchased the building on or before September 3, 1987. (Amended Complaint, ¶ 23.)

Count I of the amended complaint sought from all of the defendants an injunction compelling the execution of a written lease and delay damages. Count II sought a declaratory judgment that a lease allegedly tendered to Goldberg by Collins and Hiro had been accepted by Goldberg and was valid, binding and in full force. Count III of the amended complaint sought specific performance of the alleged September 15, 1987 lease by Collins and Hiro.

During the following year, plaintiffs successfully defended a motion to dismiss; Hiro and Collins filed answers and counterclaims; and extensive discovery ensued. (Plaintiffs' Mem. in Support of Motion to Remand, p. 3.)

On November 16, 1989 Judge Sklodowski granted plaintiffs leave to file an amendment to the amended complaint (the "Amendment"). Count I of the Amendment contains factual allegations only and nowhere requests any relief against any party. In the subsequent counts, however, the Amendment seeks: (1) specific performance of the lease agreement of July

13, 1987 against Collins (Count II); (2) specific performance of the same lease agreement against Hiro (Count III); (3) $15,000 in damages suffered as a result of the breach of the lease agreement by all of the defendants (including Hiro) (Count IV); (4) $15,000 in actual damages and $5 million in punitive damages suffered as a result of certain defendants' (not including Hiro) misrepresentations regarding the lease agreement (Count V); (5) $15,000 in actual damages and $5 million in punitive damages against Hiro for its alleged tortious interference with Goldberg's business expectancy, *i.e.* its lease agreement of July 13, 1987 (Count VI); and (6) $15,000 in actual damages and $5 million in punitive damages for certain defendants' (not including Hiro) conspiracy to defraud Goldberg (Count VII).

On December 13, 1989 defendants Collins, 20 North Clark Limited Partnership, Wiley Tuttle and Herbert Papock (collectively referred to as the "Collins defendants") filed a Notice to Remove the state court action from the Circuit Court of Cook County on the basis of this court's diversity jurisdiction. This case (No. 89 C 9210) was assigned to the undersigned Judge Holderman. On the same date defendant Hiro filed a separate Notice of Removal, also pursuant to the court's diversity jurisdiction under 28 U.S.C. § 1331. Hiro's case (No. 89 C 9235) was assigned to Judge Lindberg. The only defendant who has not moved for removal, therefore, is Jutta Stone, an Illinois citizen who, the other defendants contend, was fraudulently joined as a party defendant. Pursuant to 28 U.S.C. § 1447(c) plaintiffs timely moved to remand both cases to the Circuit Court of Cook County.

### Discussion

After the Supreme Court's decision in *Carden v. Arkoma Associates,* —— U.S. ——, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990), the Collins defendants acknowledged that complete diversity does not exist between them and the plaintiffs. (*See* Supplemental Suggestions of Certain Defendants Relating to the Jurisdiction of this

Court, p. 3.) Nevertheless, these defendants contend that jurisdiction is still proper pursuant to 28 U.S.C. § 1441(c) because "certain of plaintiffs' claims against Hiro are separate and independent from the claims against all other defendants. And there is complete diversity between plaintiffs (citizens of Illinois) and Hiro (a citizen of New York)." (Id.)

■ The court has concluded that Hiro's removal was improper because (1) none of the claims against Hiro are separate and independent from the claims against all the other defendants; and (2) the removal was untimely.[1]

Hiro contends that:

Counts II and III of Plaintiffs' amended complaint against Hiro are separate and independent from any claims against any non-diverse party.... Counts II and III of Plaintiffs' amended complaint are based on a separate and independent September 17, 1987 Lease (the "September lease") between Hiro and Plaintiffs.... [T]he alleged September lease is a completely separate lease from the alleged May Lease.

(Sur–Reply in Opposition to Motion to Remand, p. 12.)

Hiro has focused on the wrong pleading. Goldberg's Amendment to Complaint, although so entitled, is actually a superseding pleading which sets forth Goldberg's entire cause of action against the named defendants. Otherwise, the court presumes, the Amendment to the amended complaint would have begun with Count IV (there are three counts in the amended complaint) instead of—as it does—with Count I.[2] Goldberg's Amendment nowhere seeks any relief against Hiro based upon the September 17, 1987 lease. Rather, Count III of the Amendment seeks specific enforcement by Hiro of its alleged obligations under the July 13, 1987 lease (see Amendment, p. 15, ¶(a)) and Count IV seeks recovery based on Hiro's alleged breach of that same agreement (see Id., ¶¶ 87–88). Accordingly, the court finds that Hiro's argument regarding the separate and independent nature of Goldberg's contract claims against it to be without merit.[3]

■ Even if any of Goldberg's claims against Hiro were separate and independent, the court concludes that the removal was untimely. *Cf. Dartmouth Plan, Inc. v. Lot Delgado, et al.,* 736 F.Supp. 1489 (N.D.Ill.1990) ("The removing counterdefendants must overcome three hurdles in order to show that removal was proper under 28 U.S.C. §§ 1441 and 1446. They must show that they are proper parties to remove, that the removal was timely, and that the claims against them are separate and independent"). 28 U.S.C. § 1446(b) provides that the notice of removal must be filed within 30 days of service of the original complaint or any subsequent pleading or other paper from which it first became apparent that the action was removable. Despite the diversity between Goldberg and Hiro, the New York partnership did not seek to remove this case until more than a year after it had been named as a defendant in the case.

Hiro contends that it falls within the exception created by the Seventh Circuit in *Wilson v. Intercollegiate (Big Ten) Conference Athletic Association,* 668 F.2d 962 (7th Cir.), *cert. denied,* 459 U.S. 831, 103 S.Ct. 70, 74 L.Ed.2d 70 (1982). "If an

1. 28 U.S.C. § 1441(c) provides:
   Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

2. Goldberg's Reply to Hiro's argument demonstrates Hiro's understanding that the Amendment to the Amended Complaint is the operative pleading in this case. *See* Plaintiffs' Reply to Defendant [Hiro's] Response, p. 12 ("Moreover, Hiro's argument that Counts II and III of *Plaintiff's Amendment to their Amended Complaint,* is separate and independent from all other claims is without merit") (emphasis added).

3. The court also does not agree that Goldberg's claim against Hiro for tortious interference is a separate and independent claim such that removal is appropriate under 28 U.S.C. § 1441(c).

amended complaint so changes the nature of an action as to constitute 'substantially a new suit,' *id.* at 965 ... or 'an entirely new and different suit,' ... then a defendant is given additional time to seek removal." *The Dartmouth Plan, Inc., supra,* 736 F.Supp. at 1492 (explaining rule of *Wilson* ). Hiro argues that Goldberg's Amendment so changed the nature of the action against it that it was entitled to a new 30 day period in which to remove. In particular, Hiro contends:

> Plaintiffs' initial claim against Hiro was simply for specific performance of an alleged September 17, 1987 Lease. And Hiro was indemnified by the prior owners for any related damages. Now, in their Amendment to Complaint for the very first time Plaintiffs add a new tortious interference claim seeking monetary damages against Hiro for an amount in excess of $5 million.

(Hiro's Response to Motion to Remand, p. 6.) Accordingly, Hiro argues, "[t]he entire nature of the action and the remedy against Hiro have substantially changed and Hiro is now faced with a substantially new suit." (Id.)

The court disagrees. As an initial matter, the Amended Complaint sought "reasonable damages" from Hiro, although in an unspecified amount. *See* Amended Complaint, p. 8. The Amendment, therefore, does not seek money damages from Hiro "for the very first time." (Hiro's Response to Motion to Remand, p. 6.) The court believes, moreover, that the coverage (or non-coverage) of any indemnification agreement between Hiro and the other defendants is not a proper factor to be considered in determining whether the Amendment constitutes an altogether new and different suit. And assuming (without determining) that a significant difference in

the monetary damages sought is an important factor to be considered in a *Wilson* analysis, the court is not convinced that the $5 million punitive damage claim is the proper number for comparative purposes. Rather, the court believes that Goldberg's initial claim for "reasonable damages" should be compared to its amended claim for actual damages of $15,000—a difference which this court does not believe so substantially alters the stakes of the litigation that it could be said that a new suit has arisen.

More substantially, the court concludes that the Amendment does not change the basic legal theory presented by the Amended Complaint as to what actions of Hiro constituted the wrongdoing. The Amended Complaint put Hiro on notice that Goldberg believed that it had interfered with the lease agreement between Collins and Goldberg. *See* Amended Complaint, ¶ 24 ("Subsequent to the sale of the Avondale Center, COLLINS has the authority or ability to cause compliance with the lease agreement previously negotiated and accepted by the parties ... but is prohibited from exercising it by its principal, Hiro ..."). The Amendment to the Amended Complaint merely sets forth into multiple counts theories consistent with the facts alleged against Hiro in the Amended Complaint. *See The Dartmouth Plan, Inc., supra,* 736 F.Supp. at 1493 (addition of RICO claims to counterclaim did not constitute new and different suit when the claims "relied on the same wrongdoing and a pattern of illegal activity [that] had already been alleged in the prior pleading"). In sum, the Amendment does not constitute a new and different suit which, under *Wilson,* could have extended the time in which Hiro could file a Notice of Removal.[4]

---

**4.** Since the court has decided that the *Wilson* exception does not apply in this case, it need not decide the thorny issue of how *Wilson* meshes with the 1988 amendment's one year limitation on the removal of cases when diversity provides the grounds for removal. Hiro contends that since this case was removable against it initially, the one year limitation does not apply. *See Greer v. Skilcraft,* 704 F.Supp. 1570, 1582 (N.D. Ala.1989) (en banc) ("The one-year bar added to the end of the second paragraph of § 1446(b)

... applies whenever the second paragraph of § 1446(b) is triggered ..."). Had this court determined that (1) the claims against Hiro were separate and independent and (2) the *Wilson* exception applied, this case would have presented one of the "factual patterns ... present[ing] special problems to the court in applying the time limits of amended § 1446(b)" recognized by the District Court of Alabama in *Skilcraft* as yet to be resolved. *Id.*

*Conclusion*

For the reasons set forth above, plaintiffs' motion to remand these cases to the Circuit Court of Cook County is GRANTED. Plaintiffs have requested sanctions against defendants pursuant to Fed.R. Civ.P. 11. The court does not believe these removals were frivolous or without any basis in the law, and therefore Rule 11 sanctions will be denied. Pursuant to 28 U.S.C. § 1447(c) plaintiffs have also requested their expenses, costs and fees incurred as a result of the removal. These sums will be awarded and are to be paid by the removing parties. Accordingly, it is ORDERED that these cases be remanded to the Circuit Court of Cook County, County Department, Chancery Division.