Myron N. PERSOFF, M.D., Plaintiff,

v.

Arline ARAN, Defendant/Third
Party Plaintiff,

v.

The TRAVELERS INSURANCE CO.,
Third–Party Defendant.

No. 92–8250–CIV.

United States District Court,
S.D. Florida.

June 10, 1992.

John Feyko, Boca Raton, Fla., for plaintiff.

Dan W. Moses, Boca Raton, Fla., for defendant/third-party plaintiff.

Kirk M. Gibbons of Chorpenning, Good, Gibbons & Cohn, Tampa, Fla., and Ross J. McKelvey, Pompano Beach, Fla., for third-party defendant.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the Court upon The Travelers Insurance Company's Notice of Removal. After carefully considering the propriety of permitting Travelers, a third-party defendant, to remove the above-styled action in its entirety to this federal court, the Court finds that removal by Travelers is not permissible. Accordingly, the Court will remand the cause to the state court.

## BACKGROUND

On February 27, 1991, Myron N. Persoff, M.D. ("plaintiff") filed a two count complaint against Arline Aran ("defendant") in the County Court in and for Palm Beach County, Florida. The plaintiff had provided defendant with medical services pursuant to contract and the plaintiff's suit seeks to recover the balance which remains due for those services rendered. The plaintiff's first count is for an account stated and the second alleges a claim for breach of contract.

On or about April 4, 1991, the defendant Aran included with her answer a third-party complaint against The Travelers Insurance Company.[1] The third-party complaint is in two counts. The first count alleges that Travelers breached its insurance contract with the defendant when it refused to provide coverage for the medical services the plaintiff had provided to the

---

1. The defendant amended the third-party complaint twice and the operative pleading is now the second amended third-party complaint ("third-party complaint").

defendant. The second count seeks indemnification and alleges that if the plaintiff recovers from the defendant, the defendant is then entitled to be indemnified by Travelers. Essentially, the defendant alleges that she has not paid the plaintiff because Travelers has not provided coverage as it was obligated to do.

Travelers filed its Notice of Removal on April 27, 1992. Travelers seeks to remove the entire cause, the plaintiff's primary claims included, on the ground that this Court has jurisdiction over the third-party claims pursuant to the Employee Retirement Income Security Act, 29 U.S.C. § 1132, et seq.

## DISCUSSION

Travelers's Notice of Removal forces this Court to consider the propriety of permitting a third-party defendant to remove a state court action to a United States District Court. Most federal courts which have addressed the issue have held that third-party defendants are not capable of removing. *See, e.g., Andrews v. Electric Motor Systems, Inc.,* 767 F.Supp. 853 (S.D.Ohio 1991); *Lewis v. Windsor Door Co.,* 926 F.2d 729 (8th Cir.1991). Similarly, the primary commentators on the law of federal jurisdiction have opined that third-party defendants are incapable of removing. C. Wright, A. Miller, E. Cooper, *Federal Practice and Procedure,* §§ 3724, 3731 (2d ed.1985); 1A J. Moore & B. Ringle, *Moore's Federal Practice,* ¶ 0.167[10] (2d ed.1991).

This Court agrees with those federal courts and commentators that have found that third-party defendants may not remove, primarily because this Court believes that a third-party defendant is not a "defendant" within the meaning of 28 U.S.C. § 1441(a) and thus is never capable of removing. *Cf. Share v. Sears, Roebuck & Co.,* 550 F.Supp. 1107 (E.D.Pa.1982); 1A Moore, *supra* at ¶ 0.167[10]. The Court's position is dictated primarily by the language of the statute, especially in light of the strict reading which this Court is compelled to give removal statutes. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Senter v. Sears, Roebuck & Co.,* 712 F.Supp. 179 (S.D.Fla.1989). The language of 28 U.S.C. § 1441(a) is very clear: cases may be removed "by the defendant or the defendants." There is no reference to third-party defendants in § 1441(a), nor are third-party defendants mentioned in § 1441(c). Accordingly, after a necessarily strict reading of § 1441, this Court finds that Congress, despite plenty of opportunity to do so, has not empowered third-party defendants to remove. As a result, were this Court to imply the existence of such power, it would be expanding its jurisdiction beyond the jurisdictional limits established by Congress.

The Court's position is further supported by its belief that deference must be given to the right of the plaintiff to select the forum in which he chooses to pursue his claims. It seems to this Court unfair to allow a party not sued by the original plaintiff, but only subsequently brought into the case by the original defendant, to force the plaintiff to litigate his claim in a forum not of his choice. To permit a third-party defendant's removal to defeat a plaintiff's choice of forum would, in the apt words of Professor Moore, be "too much akin to the tail wagging the dog." 1A Moore, *supra* at ¶ 0.167[10].

■ The Court's agreement with the conclusion of the *Share* court and Professor Moore notwithstanding, this Court remains bound by the position of the former Fifth Circuit in *Carl Heck Engineers, Inc. v. LaFourche Parish Police Jury,* 622 F.2d 133 (5th Cir.1980).[2] In *Carl Heck,* the former Fifth Circuit held that "[i]f the third party complaint states a separate and independent claim which if sued upon alone could have been brought properly in federal court," then the third-party defendant may remove. *Id.* at 136. Because of *Carl Heck,* this Court is obligated to determine

---

**2.** In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the United States Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

whether the third-party claim is "separate and independent." If it is, removal must be permitted. If it is not, the cause must be remanded. In making this inquiry the Court is again mindful that the removal statute should be construed narrowly, with any doubt being resolved against removal and in favor of remand. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941).

 After a careful review of the record, the Court finds that the third-party claims herein are not separate and independent from the plaintiff's primary claims. Claims are not "separate and independent" if they arise from an interlocked series of transactions. In this case there is no question that the claims have their genesis in the same transaction—the plaintiff's provision of medical services to the defendant. Accordingly, the third-party defendant was not empowered to remove the above-styled cause to this Court, even under the rule of *Carl Heck,* and remand is required.

Accordingly, having reviewed the Notice of Removal and the record, and being otherwise duly advised, it is hereby:

ORDERED and ADJUDGED that the above-styled cause is REMANDED to the County Court in and for Palm Beach County, Florida, on the ground that this Court lacks subject matter jurisdiction.

DONE AND ORDERED.