**EASTON FINANCIAL CORP., Plaintiff,**

**v.**

**Robert W. ALLEN, et al., Defendants.**

**No. 94 C 858.**

United States District Court, N.D. Illinois, E.D.

Feb. 24, 1994.

---

Gerald M. Richman, Ellicott City, MD, for plaintiff.

Howard L. Cardin, Baltimore, MD, for third party defendant Andrew Gendron.

## MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

This Court's attention has just been drawn to the recent assignment of this action to its calendar.[1] In accordance with the principle stated in n. 1, this Court has examined the case file and, because the file reveals that the case was improperly removed to the federal court system, this action is sua sponte remanded to the Maryland state court from which it originated.

Some brief explanation is in order. Initially Easton Financial Corporation ("Easton") sued Robert Allen ("Allen") in the Circuit Court for Baltimore City, Maryland (Docket No. 93064049/C.L. 161175). Allen then brought Sun Electric Corporation ("Sun") into the case via his Third Party Complaint, in which he seeks either indemnity or contribution in connection with any amounts for which Allen might be adjudicated liable to Easton. Within 30 days after it was served with process, Sun filed its Notice of Removal ("Notice") to bring this case to the United States District Court for the District of Maryland.

Even though that removal took place nearly seven months ago (the Notice was filed on July 29, 1993), the Maryland District Court never addressed the jurisdictional question whether the action was properly removable by third-party-defendant Sun. Instead the court proceeded to entertain Sun's motion to dismiss Allen's third-party complaint (a motion that asserted, as an alternative remedy, the possible transfer of this action to this United States District Court for the Northern District of Illinois.[2]) On January 31, 1994 District Judge William Nickerson issued a short memorandum and accompanying order granting that alternative relief.

■ But the problem with all of this is that 28 U.S.C. §§ 1441(a) and 1446(a) permit removal only by "the defendant or defendants"—language that is universally construed in the case of multiple defendants to require that all defendants must join in the removal unless a satisfactory explanation is given for their non-joinder (see, e.g., Northern Ill. Gas Co. v. Airco Industrial Gases, 676 F.2d 270, 272–73 (7th Cir.1982) and cases cited there). That did not take place here (the only original defendant, Allen, did not join with third-party-defendant Sun in the removal), and that alone flawed the removal.

■ But even more significantly in subject matter jurisdictional terms (for a simple non-joinder might perhaps be waived or otherwise cured), the substantial majority of the many judicial opinions that have dealt with the subject have consistently held that a third-party defendant cannot invoke removal jurisdiction at all—a view that is uniformly supported by the leading treatises on the subject (see, e.g., 14 A Charles Wright, Arthur Miller & Edward Cooper, *Federal Practice & Procedure: Jurisdiction 2d* § 3731, at 502 & n. 4 (2d ed. 1985) and cases cited there

1. In the normal situation of an original filing in this District Court, a chambers copy of the Complaint is delivered to this Court within a day or two after the case has been filed. This Court then immediately complies with the mandate succinctly put by our Court of Appeals in *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir.1986):

> The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.

Where as here the case has come to this District Court via a 28 U.S.C. § 1404(a) transfer, only the original pleadings are filed—hence there are no chambers copies, and the judge first learns of the action only some time later.

2. To support such a transfer, Sun relied on the provision of its sales contract with Allen under which any action brought by Allen as purchaser had to be taken in courts in this state and in no other jurisdiction.

and in the 1993 pocket part).[3] Indeed, even the minority of courts that sometimes allow third-party defendant removals do so only in situations where the third-party complaint asserts a "separate and independent" cause of action from the one advanced in the original complaint (see the extended discussion in *Schmidt v. Association of Apartment Owners of Marco Polo Condominium,* 780 F.Supp. 699 (D.Hawaii 1991)).

In terms of construing the statutory requirement that removal be undertaken by "the defendant or defendants," courts are informed by the general policy that removal statutes are to be strictly construed against removal, a policy to which this Court consistently adheres. But even if this Court were inclined to bend the subject matter jurisdictional limitation to permit some third-party-defendant removals (an oxymoronic assumption), Allen's third-party complaint against Sun does not of course state a "separate and independent" cause of action—instead it is purely incidental or ancillary to the main claim against Allen. Even those courts that are most favorably inclined to third-party defendant removals (and this Court is not among them) would not support Sun's action here.

In sum, the Notice was not a proper invocation of federal jurisdiction. Accordingly this Court determines, in the language of 28 U.S.C. § 1447(c), "that the district court lacks subject matter jurisdiction," so that the same statute mandates a remand of this action to the Circuit Court for Baltimore City, Maryland. And because the substantive aspects of this action have already been resting on dead center long enough, this Court directs that the copy of the remand order be mailed forthwith and without delay, as is permitted under this District Court's General Rule 30(B).

---

**3.** Further research into the 1993 and 1994 cases via LEXIS discloses that with few exceptions (of a type discussed next in the text) they continue to view such third-party-defendant removal as jurisdictional.