Beverly S. REESE, Personal Representative of the Estate of James C. Reese, et al., Plaintiff,

v.

SOUTH FLORIDA WATER MANAGEMENT DISTRICT, an agency and/or subdivision of the State of Florida, Defendant/Third–Party Plaintiff,

v.

UNITED STATES ARMY CORPS OF ENGINEERS; Terrence C. Salt, as District Engineer, U.S. Army Corps of Engineers, Jacksonville District; Thomas Taylor, Third–Party Defendants.

No. 94–8108–CIV–KING.

United States District Court, S.D. Florida.

April 20, 1994.

Willie Edward Gary, Gary, Williams & Parenti, Stuart, FL, for plaintiff.

Stanley Joel Niego, South Florida Water Management Dist., West Palm Beach, FL, for defendant.

### ORDER DENYING PLAINTIFFS' MOTION FOR REMAND

JAMES LAWRENCE KING, District Judge.

THIS CAUSE comes to this Court upon Plaintiffs' and Intervenors' Motion to Remand (D.E. # 13), filed March 23, 1994. The Court heard oral argument on the motion at the status conference held on March 24, 1994 and directed Defendant to file an appropriate written response by April 5, 1994. Defendant filed its Response (D.E. # 17) on April 5, 1994 and the United States filed a Response (D.E. # 18) on behalf of the Third Party Defendants on the same day.

Plaintiffs and Intervenors argue three grounds upon which remand should be granted: (1) the third party complaint is not a separate and independent cause of action to warrant removal under 28 U.S.C. § 1441(c); (2) this court lacks subject matter jurisdiction because the state court from which it was removed lacked subject matter jurisdiction; and (3) the notice of removal was untimely under 28 U.S.C. § 1446(b).

### I. Appropriateness of Removal

This action was removed by the United States on behalf of the Third–Party De-

fendants, pursuant to 28 U.S.C. §§ 1441 and 1442(a)(1). The third party complaint is essentially a claim against the United States and therefore 28 U.S.A. § 1346 gives this Court original jurisdiction over the action. Title 28 U.S.C. § 1441 permits the removal of any action against the United States. Title 28 U.S.C. § 1442(a)(1) provides a further basis for removal as it provides for the removability of those actions that expose a federal official to civil liability.

The facts of this case, however, present an unusual scenario. Here, the United States and the federal officials are in the posture of third-party defendants. Typically, removal is reserved for the original defendant. Under 28 U.S.C. § 1441, removal by third party defendants is generally not permitted. The majority of courts that have addressed this issue have held that the language of § 1441 allows removal by the original defendant only. *See Schmidt v. Ass'n of Apartment Owners of Marco Polo Condominium,* 780 F.Supp. 699 (D.Haw.1991); *Easton Financial Corp. v. Allen,* 846 F.Supp. 652 (N.D.Ill. 1994) and cases cited therein. These courts adhere to the policy of strictly interpreting the removal statute and resolving any doubt in favor of remand. Even the minority of courts that have permitted third party removal have done so only where the third party action presents a separate and independent claim. *Id.*

On this issue, the Court is inclined to follow the majority by holding that third party removal is not permitted under 28 U.S.C. § 1441. This holding better adheres to the policies of restraint and comity underlying the removal statute. Given this ruling, the instant case is not removable under § 1441. However, the removability of this action under § 1442(a)(1) is a separate question.

It is well settled that removal under § 1442 differs from removal under § 1441. Section 1442 is intended to protect federal interests by providing federal officials a federal tribunal in which to litigate matters concerning acts committed in their federal capacity. Unlike § 1441, § 1442 is a jurisdictional grant in itself giving the federal court subject matter jurisdiction over the entire

case. It is not merely a mechanism for removing a case that properly could have been filed in federal court in the first instance. Thus, courts treat third-party removal under § 1442 differently and permit federal officials to remove under this section despite their status as third-party defendants.

This case, therefore, is properly removable pursuant to § 1442(a)(1) by the federal officials named in their official capacity in the Third Party Complaint.

Plaintiffs' argument that the case is not removable because the third-party complaint does not state a separate and independent claim is inapposite. That argument runs to removability under § 1441, not § 1442. Because § 1442 is a jurisdictional grant that encompasses the entire action, the federal claim need not be separate and independent from the main action. Thus, Plaintiffs' argument is without merit.

■ The only question remaining is whether the United States followed the proper mechanics of removal. Specifically, the issue is whether the notice of removal was timely.

## II. Untimeliness of Removal

The federal removal statute requires that: The Notice of Removal be filed within 30 days after the receipt by the Defendant, through service, of a copy of an initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of a summons upon the defendant if such initial pleading has been filed in Court and is not required to be served on the Defendant, whichever period is shorter. 28 U.S.C. § 1446(b).

In this case, the Third Party Complaint was filed on December 9, 1993 and the Third Party Defendants were served on January 14, 1994. However, the Notice of Removal was not filed until February 25, 1994, after the permissible 30 day period. As the Fifth Circuit stated in *Brown v. Demco, Inc.,* 792 F.2d 478 (5th Cir.1986), "in the absence of waiver of the time limit by the Plaintiff, or some equitable reason why that limit should

not be applied, however, a Defendant who does not timely assert the right to remove loses that right." Plaintiffs and Intervenors argue that since they did not waive the time limitation, removal is untimely and the case should be remanded. Defendant/Third Party Plaintiff, on the other hand, contends that since it is the "plaintiff" vis a vis the Third Party Defendant, only its waiver is necessary to perfect removal.

The United States, on behalf of the Third Party Defendants, essentially admits the tardiness of its removal petition in its Opposition Memorandum. The United States notes that Defendant/Third Party Plaintiff has waived its objections to the timeliness of the petition but does not rely on this waiver as sufficient to cure the untimeliness. Instead, the United States argues that the untimeliness of its removal petition is not a jurisdictional bar to removal and therefore urges the Court to deny Plaintiffs' Motion to Remand. In support, the Government cites the Court to the case of *Loftin v. Rush*, 767 F.2d 800 (11th Cir.1985), in which the Eleventh Circuit refused to remand a case on the technical grounds of untimely removal. In *Loftin*, the Eleventh Circuit specifically stated:

> We are unwilling to allow a modal defect to pretermit our substantive inquiry. The timeliness of a removal petition is not jurisdictional [ ] and we therefore have the power to review even an untimely petition. Were we to conclude otherwise, we would trivialize our authority under 28 U.S.C. § 1442(a)(1). While we emphatically disapprove of the government's tardiness, we will not order this cause remanded on technical grounds. *Id.* at 805.

The Court finds the Eleventh Circuit's decision in *Loftin* determinative of this issue. The federal interests underlying § 1442 and the policy that § 1442 be liberally construed to effectuate those purposes warrant consideration of the removal petition despite the government's tardiness and without resolution of whether the proper waiver of the timeliness issue ever occurred. *See Willingham v. Morgan*, 395 U.S. 402, 89 S.Ct. 1813, 23 L.Ed.2d 396 (1969); *Puerto Rico v. Perez Casillas*, 624 F.Supp. 822 (D.P.R.1985) (Section 1442 should be liberally construed be-

cause the right of removal is a crucial procedural vehicle in the exercise of legitimate federal authority). Therefore, the Court holds, in accordance with *Loftin*, that the untimeliness of the government's removal petitions is not grounds for remand. And, as previously discussed, removal is proper under § 1442.

### III. Subject Matter Jurisdiction

█ As discussed above, 28 U.S.C. § 1442 is a jurisdictional grant in and of itself. Plaintiffs' assertion that this Court lacks subject matter jurisdiction because the state court did not have jurisdiction is therefore inapposite. However, the Court will comment on Plaintiffs' argument for purposes of clarification. Plaintiffs' argument is based on the doctrine of derivative jurisdiction—that removal jurisdiction stems from the jurisdiction of the state court. That doctrine, however, has been rejected. In 1986, Congress amended the removal statute to eliminate the derivative basis for jurisdiction. *See* 28 U.S.C. § 1441. Accordingly, Plaintiffs' argument is not only inapposite to the case at bar, but it is without merit.

### CONCLUSION

Accordingly, after a careful review of the record, and the Court being otherwise fully advised, it is

ORDERED and ADJUDGED that Plaintiffs' Motion for Remand be, and the same is hereby, DENIED.

DONE and ORDERED.