Max J. STARR, Plaintiff,

v.

PRAIRIE HARBOR DEVELOPMENT CO., INC., et al., Defendants,

v.

Judy PIERCE, et al., Third–Party Defendants.

No. 95–C–747.

United States District Court, E.D. Wisconsin.

Oct. 13, 1995.

Nathan A. Fishbach, Darryl L. Diesing, Whyte Hirschboeck & Dudek, Milwaukee, WI, William J. Richards, Bren, Nyberg & Thompson, Milwaukee, WI, for Plaintiff.

Cletus R. Willems, O'Connor & Willems, Kenosha, WI, for Defendants.

David A. Novoselsky, Novoselsky Law Office, Chicago, IL, Jeffrey Leavell, Leavell Law Office, Racine, WI, William J. Richards, Bren, Nyberg & Thompson, Milwaukee, WI, for Third–Party Defendants.

## DECISION AND ORDER

RANDA, District Judge.

After initial review of the pleadings in this case, Magistrate Judge Patricia Gorence raised questions concerning the subject matter jurisdiction of this Court. Specifically, Magistrate Gorence questioned whether a third-party defendant can remove an action

to federal court under 28 U.S.C. § 1441. Because of this jurisdictional concern, this Court reviewed § 1441 and the relevant case law. Based on that review, and for the reasons expressed below, the Court finds the action was improperly removed and remands the case, *sua sponte*, to Kenosha County Circuit Court.

## FACTS

On January 5, 1995, the plaintiff, Max Starr ("Starr"), commenced an action in Kenosha County Circuit Court against the defendants, Prairie Harbor Development Co., Inc., Dennis P. Heck, Donald H. Perrey and U.S. Coastal Development Co. ("the Original Defendants"). The Court does not have a copy of that complaint, but the various other pleadings before the Court show the following: Starr, it seems, is the owner of a condo unit and boat slip in a yacht club which the Original Defendants developed and maintain. Starr's state court complaint alleges various improprieties by these defendants in the sale of his unit and in the operation of the marina. On June 29, 1995, the Original Defendants filed a counterclaim against Starr and a similar "third-party complaint" against the various "third-party defendants" listed in the caption ("the Third–Party Defendants"), raising state law claims for defamation, tortious interference with contract and conspiracy. Like Starr, the Third–Party Defendants are owners of condo units and boat slips in the yacht club. The "third-party complaint" alleges that Starr and the Third–Party Defendants conspired to send a defamatory letter to other condo owners, damaging the Original Defendants' reputations and interfering with their current and future contractual relationships. On July 19, 1995, the Third–Party Defendants removed the entire action to federal court. Removal was based on this Court's diversity jurisdiction.

## LAW

Third–Party Defendants' notice of removal states that removal is based on 28 U.S.C. § 1441(a), which states in pertinent part:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant or the defendants,* to the district court of the United States for the district and division embracing the place where such action is pending. . . .

The question raised by the Court is whether third-party defendants qualify as "defendants" under § 1441 for purposes of removal. Section 1441 is silent on the issue and federal courts across the country are deeply divided. *See e.g., Sterling Homes, Inc. v. Swope,* 816 F.Supp. 319, 320–327 (M.D.Pa.1993); *Persoff v. Aran,* 792 F.Supp. 803, 804–05 (S.D.Fla. 1992); *Patient Care, Inc. v. Freeman,* 755 F.Supp. 644, 646–51 (D.N.J.1991). One federal court describes the case law as a "field luxuriat[ing] in a riotous uncertainty." *Harper v. Sonnabend,* 182 F.Supp. 594, 595 (S.D.N.Y.1960). Professor Moore summarizes the state of the law as follows:

1. Courts agree that a third party claim cannot afford a basis for removal unless the "separate and independent claim or cause of action" of § 1441(c) applies.

2. Some courts permit removal under § 1441(c), by a third-party defendant, of a separate and independent third-party claim which could be removed if sued on it alone. The district court may, however, exercise its discretion and remand all matters not otherwise within its original jurisdiction.

3. Other courts do not permit removal on the basis of a third-party claim, although it would have been removable by the defending party if the claim had been sued upon it alone. These courts limit removal under § 1441(c) to a party defending against claims which have been joined by the plaintiff.

*Coren v. Cardoza,* 139 F.R.D. 561, 564–65 (D.Mass.1991), quoting 1A Moore's Federal Practice ¶ 0.167[10], pp. 511–14. Fortunately, the 7th Circuit is recognized as one of the few circuits in which the issue is fairly settled. In *Thomas v. Shelton,* 740 F.2d 478, 486–89 (7th Cir.1984), the 7th Circuit held that "in the broad run of third-party cases . . . the third-party defendant cannot remove the case under section 1441(c)", although Judge Posner allowed the possibility that

exceptions might exist, particularly in cases involving the United States as a third-party defendant. The Court, however, sees no reason to create an exception here.

■ First, as Professor Moore stated above, even where third-party claims can be removed, they can only be removed under subsection (c) of § 1441. The 8th Circuit has expressly stated as such. *Lewis v. Windsor Door Co. Div. of Ceco Corp.*, 926 F.2d 729, 732–33 (8th Cir.1991). Simple logic confirms the principle. In the vast majority of cases, including this one, third-party claims are asserted in an action involving other claims that are not removable, either because these other claims do not fall within a federal court's original jurisdiction, or (as here) because the original defendants chose not to exercise their right of removal. Only subsection (c) provides the basis for removing a case that has both removable and non-removable claims:

> (c) Whenever a separate and independent claim or cause of action *within the jurisdiction conferred by section 1331 of this title* is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which state law predominates.

28 U.S.C. § 1441(c) (emphasis supplied). Third–Party Defendants did not assert subsection (c) as the basis for removal. Nor could they. As highlighted above, subsection (c) restricts removal to circumstances where the removed claim falls within the federal court's "federal question" jurisdiction. *See also, Baylor v. District of Columbia*, 838 F.Supp. 7, 9 (D.D.C.1993). The third-party complaint involved here asserts state law causes of action that fall only within the Court's diversity jurisdiction.

■ Second, even where courts have analyzed the issue within the context of subsection (a), the provision of § 1441 relied upon here by the Third–Party Defendants, they have uniformly held that third-party defendants cannot remove an action to federal court. *See e.g., Sterling*, 816 F.Supp. at 326, and cases cited therein; *see also, Kaye Asso-ciates v. Board of Chosen Freeholders— County of Gloucester*, 757 F.Supp. 486, 487–90 (D.N.J.1991); *Easton Financial Corp. v. Allen*, 846 F.Supp. 652, 653–54 (N.D.Ill.1994). These courts start with the federalist principle that removal statutes are to be strictly construed against removal because they serve to broaden the jurisdiction of federal courts at the expense of state courts. Therefore, because subsection (a), like subsection (c), only allows a "defendant" to remove a case and makes no express mention of "third-party" defendants, the statute is strictly construed to preclude removal by third-party defendants.

■ Third, the notice of removal filed by the Third–Party Defendants alleges that they were improperly sued and/or improperly designated as third-party defendants in the state court action, giving rise to the possible argument that they are not really "third-party defendants" for purposes of removal. They may be right on this. Under both Wisconsin and Federal law, "third-party defendants" are those brought into the action by the original defendant because they "[are] or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Fed.R.Civ.P. 14(a); *see also*, Wis.Stat. § 803.05(1) (third-party defendant is one "who is or may be liable to the defending party for all or part of the plaintiff's claim against the defending party"). The third-party complaint filed here raises claims for direct injury to the Original Defendants and does not allege, or even imply, that Third–Party Defendants may be responsible for the Original Defendants liability (if any) to the plaintiff. So, if these defendants are not third-party defendants, what are they, and more importantly, can they remove?

The Court is guided by Judge Hart's decision in *Dartmouth Plan, Inc. v. Delgado*, 736 F.Supp. 1489 (N.D.Ill.1990), which is directly on point. In *Dartmouth*, the original plaintiff sued the original defendant in a state court foreclosure action. As here, the original defendant filed a counterclaim against the plaintiff and also against certain additional defendants which were brought into the case via the counterclaim. As here, the counter-

claim did not allege that the additional defendants were somehow responsible for any liability which the original defendant might owe the plaintiff. Finally, as here, these additional defendants removed the action to federal court. The only difference between this case and *Dartmouth* is that the original defendant in *Dartmouth* called his pleading a "counterclaim", instead of a third-party complaint, and called the additional defendants "counterclaim defendants", instead of third-party defendants. Ultimately, Judge Hart ruled that additional defendants joined in this manner are properly characterized as "counterclaim defendants" for removal purposes, and that such defendants, like "third-party defendants", do not have the power to remove a case to federal court:

> In their pleadings, defendants labeled the removing parties as counterdefendants. In the notice of removal, the removing parties stated they should be more properly characterized as third-party defendants. Defendants point to this characterization by the removing parties and argue that third-party defendants cannot remove. [Citing *Thomas*] The legal characterizations stated in a complaint, however, are not controlling; the factual allegations are ordinarily what controls. In this case it is not actually the facts alleged in the complaint, but the nature of the proceedings that have already occurred. In determining the removing parties' proper characterization, federal law controls.

> The removing parties are not properly characterized as third-party defendants. Third-party claims are those in which a defendant claims a third-party is liable to the defendant for all or part of the plaintiff's claim against the defendant. Defendants are not seeking to hold any of the alleged counterdefendants liable to defendants for any liability defendants may owe to plaintiff. Instead, defendants allege counterdefendants are directly liable to them for injuries to defendants.

> The removing parties argue that they should not be considered counterdefendants who have no right to remove because the removing parties are not themselves plaintiffs. Apparently, only one published case addresses this issue and it holds that such counterdefendants cannot remove. *Tindle v. Ledbetter,* 627 F.Supp. 406, 407 (M.D.La.1986). The removing parties in this case are properly characterized as counterdefendants. A counterclaim is any suit by a defendant against the plaintiff including any claims properly joined with the claims against the plaintiff. See Fed. R.Civ.P. 13(a)-(c). A counterdefendant need not also be a plaintiff. See Fed. R.Civ.P. 13(h).

> In determining whether removal is appropriate, the focus is on the original complaint. The claims against the counterdefendants were not part of the original case. It is recognized that a counterdefendant who is not a plaintiff does not voluntarily choose to bring suit in state court and thus can be viewed in a different light than the counterdefendant who is also a plaintiff. The Seventh Circuit, however, has indicated that third-party claims that would be removable if in a suit separate from the first-party action are not removable when joined with the first-party action because federalism principles and the language of § 1441 militate against allowing a third-party action to bring otherwise non-removable claims into federal court with it. Like the nonplaintiff counterdefendant, a third-party defendant is a party who has not voluntarily chosen to be in state court. But just as a third-party has no special rights to remove, neither does a nonplaintiff counterdefendant. A counterdefendant is not a defendant joined in the original action and therefore not a party that can remove a state action to federal court.

*Dartmouth,* 736 F.Supp. at 1491–92 (some citations omitted). The Court agrees with Judge Hart's analysis. Accordingly, even if the removing parties were mislabeled as "third-party defendants", an issue the Court leaves for the state court to decide, they are at best "counter-defendants" and, as such, cannot remove the case to federal court.

**NOW THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. The Court's *sua sponte* motion to remand is granted and the case is remanded to

Kenosha County Circuit Court for further proceedings.

**SO ORDERED.**