**SHARP GENERAL CONTRACTORS, INC., Plaintiff,**

v.

**MT. HAWLEY INSURANCE COMPANY, Defendant.**

No. 06–61573CIV.

United States District Court, S.D. Florida, Ft. Lauderdale Division.

Jan. 31, 2007.

Adam Linkhorst, John Hockin, and Stephen Ziegler, Ft. Lauderdale, for Plaintiff.

Sina Bahadoran, Andrew E. Grigsby, Hinshaw & Culbertson LLP, Miami, FL, for Mt. Hawley.

*ORDER*

GRAHAM, District Judge.

THIS CAUSE came before the Court on Plaintiffs' Motion to Remand [D.E. 2].

### I. *BACKGROUND*

This action was originally commenced in the Seventeenth Judicial Circuit in and for Broward County, Florida on July 12, 2005. The action was brought as a subrogation action against the Plaintiff herein, Sharp General Contractors, Inc., ("Sharp") by Lexington Insurance Company. In that action, Sharp filed a third-party complaint against Mt. Hawley Insurance Company ("Mt.Hawley") seeking declaratory relief. After answering Sharp's Complaint in state court, Mt. Hawley filed a Motion to Sever Third–Party Coverage Action for Violation of Joinder Statute. On October 12, 2006, the state court granted Mt. Hawley's Motion to Sever. On October 18,

2006, Mt. Hawley filed a Notice of Removal to United States District Court.

Plaintiff Sharp has now filed a Motion to Remand to state court asserting that Mt. Hawley's Notice of Removal was not timely as Mt. Hawley was served with the state court Complaint on June 20, 2006, and only had thirty (30) days from that date to timely file its Notice of Removal [D.E. 2]. Mt. Hawley has filed an Opposition to Plaintiff's Motion to Remand [D.E. 3]. Plaintiff has not filed a reply.

## II. DISCUSSION

28 U.S.C. § 1441(a), provides the following:

> Actions removable generally.
>
> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded. (emphasis added).

While, pursuant to this section, defendants may remove state court cases to district courts, courts have routinely held that third-parties may not remove cases to federal court under § 1441(a). *Hayduk v. United Parcel Service, Inc.*, 930 F.Supp. 584 (S.D.Fla.1996). As stated by the court in *Persoff. M.D. v. Aran*, 792 F.Supp. 803 (S.D.Fla.1992),

> This Court agrees with those federal courts and commentators that have found that third-party defendants may not remove, primarily because this Court believes that a third party defendant is not a "defendant" within the

meaning of 28 U.S.C. 1441(a) and thus is never capable of removing...

> Accordingly...this Court finds that Congress, despite plenty of opportunity to do so, has not empowered third-party defendants to remove.

*Id.* at 804.

■ Thus, Defendant Mt. Hawley, as a third-party defendant in the state court case, did not have the right to remove that action to federal court under § 1441(a). However, additional guidance for removal is found in 28 U.S.C.A. § 1446, which provides, in relevant part,

> § 1446. Procedure for removal
>
> (a) A defendant or defendants desiring to remove any civil action...from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal...
>
> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of

this title more than 1 year after commencement of the action.

28 U.S.C. § 1446. (emphasis added).

The Plaintiff seizes on the language in the first paragraph of § 1446(b) to support its argument that the Defendant failed to timely file its Notice of Removal. However, as correctly pointed out by Defendant, it is the second paragraph of § 1446(b) that controls in the instant matter.

Indeed, as discussed above, prior to the state court granting Mt. Hawley's motion to sever, Mt. Hawley, as a third-party defendant, did not have the right to remove the action under 28 U.S.C. § 1441(a). Thus, this is not a case which falls under the first paragraph of 1446(b), where the initial pleading was removable thereby giving the defendant thirty (30) days to file its notice of removal from the date that the initial pleading was received. Rather pursuant to the second paragraph of § 1446(b), the notice of removal in this case had to be filed within thirty (30) days after receipt by the defendant, of a copy of the order from which it was first ascertainable that the case was removable.

In this case, it was not until October 12, 2006, when the state court issued its order to sever, that Mt. Hawley became a defendant, rather than a third-party defendant, and was permitted to remove the state court case to district court. Mt. Hawley had thirty (30) days from receipt of that Order in which to file its Notice of Removal. As Mt. Hawley filed its Notice of Removal on October 18, 2006, the Notice was filed within thirty (30) days of the state court's order and therefore was timely. Plaintiff's arguments to the contrary are without merit.

### III. *CONCLUSION*

Based on the foregoing discussion, it is

ORDERED AND ADJUDGED that Plaintiff's Motion to Remand [D.E. 2] is hereby **DENIED**.