Allison DESMOND, on behalf of herself and all others similarly situated, Plaintiff,

v.

**BANKAMERICA CORP., et al., Defendants.**

No. C–00–0169–VRW.

United States District Court, N.D. California.

Feb. 23, 2000.

Reed R. Kathrein, Milberg Weiss Bershad Hynes & Lerach LLP, San Francisco, CA, for Allison Desmond, plaintiff.

Melvin R. Goldman, Darryl P. Rains, Diane E. Pritchard, Morrison & Foerster LLP, San Francisco, CA, for BankAmerica Corporation, David A. Coulter, Hugh L. McColl, Jr., defendants.

## ORDER

WALKER, District Judge.

Although the Securities Litigation Uniform Standards Act (Uniform Act), 15 U.S.C. §§ 77p, 78bb(f), provides for removal of most securities class actions from state court, these five consolidated cases were commenced in San Francisco superior court prior to the Act's effective date of November 3, 1998. After over a year of litigation in state court, defendants filed a notice of removal on December 16, 1999, asserting that an attempt by plaintiff to bring new class representatives into the case triggered the Uniform Act's removal provision. Before the court is plaintiff's motion for remand.

The five putative class actions at bar allege violations of California Corporations Code sections 25400 and 25500 arising out of the merger between Bank of America and NationsBank. On March 18, 1999, the state court consolidated the cases and designated the complaint in *Desmond* as the operative complaint. In that complaint, plaintiff purports to represent a class of

all persons who purchased or otherwise acquired the securities of BankAmerica Corporation *** or its predecessors between August 4, 1998, and October 13, 1998, inclusive (the "Class Period"), including persons who acquired *** stock in the merged entity *** pursuant to the

merger between BankAmerica and NationsBank Corporation ***.

Notice of Removal (Doc 1) at Exh B ¶ 1.

After consolidation, plaintiff moved for certification of a class of "[a]ll persons who purchased or otherwise acquired securities of BankAmerica Corporation or its predecessors between August 4, 1998 and October 13, 1998." Two of the five named plaintiffs in the consolidated cases, Allison Desmond and Ted Kraftsow, were proposed as class representatives. Millberg Weiss Bershad Hynes & Lerach LLP, which had filed all five cases, sought appointment as class counsel.

On October 8, 1999, the superior court denied the motion for class certification. The court reasoned that "the interests and possible damages of Bank of America stockholders who held stock before the merger are different and appear to conflict from [sic] those of NationsBank stockholders who held stock at the same time." Decl of Christopher A. Patz in Support of Def Opp to Motion for Remand (Doc 35) at Exh H. "It may be that the only way to resolve this problem is to have separate class counsel for each set of plaintiffs." Id.

Another problem with the proposed class—not mentioned in the court's order denying certification—was that although the class purported to include individuals who *purchased* stock in BankAmerica or NationsBank during the class period, none of the named plaintiffs met that criterion. The proposed class representatives, Desmond and Kraftsow, were *holders* of shares in NationsBank and BankAmerica, respectively, prior to the merger, who via the merger acquired shares in the new corporation.

On November 17, 1999, Millberg filed a second motion for class certification seeking to remedy these defects. This motion proposed certification of the following five subclasses:

*NationsBank Holder Class*, consisting of all persons who purchased Nations-

Bank Corporation stock before August 4, 1998, and received new BankAmerica stock in the October 1, 1998, merger; *NationsBank Purchaser Class,* consisting of all persons who purchased the stock of NationsBank Corporation between August 4, 1998, and September 30, 1998, inclusive;

*BankAmerica Holder Class,* consisting of all persons who purchased old BankAmerica Corporation stock before August 4, 1998, and received new BankAmerica stock in the October 1, 1998, merger;

*BankAmerica Purchaser Class,* consisting of all persons who purchased the stock of BankAmerica Corporation between August 4, 1998, and September 30, 1998, inclusive; and

*New BankAmerica Purchaser Class,* consisting of all persons who purchased the stock of BankAmerica Corporation between October 1, 1998, and October 13, 1998, inclusive.

See Notice of Removal (Doc 1) at Exh H.

Addressing the superior court's conflict concerns, Millberg proposed separate counsel for the BankAmerica Holder Class (Dyer Donnelly), the BankAmerica Purchaser Class (Gold Bennett & Cera LLP) and itself as counsel for the remaining three classes. With respect to class representation, the proposal suggested the addition of five *non-party* representatives, three of whom would be the sole representatives of the three purchaser classes.

Defendants opposed class certification, in part, on the ground that several proposed class representatives were not parties to the action. Millberg's reply brief, filed on December 14, 1999, addressed this argument by stating that the complaint could be amended to add new plaintiffs if the court deemed it necessary.

On December 16, 1999, the scheduled date for the hearing in superior court of the second motion for class certification, defendants filed a notice of removal. As a basis for jurisdiction, defendants argued that the attempt to add non-party class representatives triggered the Uniform Act: "The actions should be deemed commenced after November 3, 1998, because prior to November 3, 1998, the proposed new class representatives and proposed new classes had not brought the claims now proposed to be asserted in the actions." Notice of Removal (Doc 1) ¶ 11. Plaintiffs thereafter filed this motion for remand.

■ Upon removal and the filing of a motion for remand, the party invoking federal jurisdiction bears the burden of demonstrating that removal jurisdiction is proper. *Ethridge v. Harbor House Restaurant,* 861 F.2d 1389, 1393 (1988). The Uniform Act provides for removal of "[a]ny covered class action brought in any State court involving a covered security ***." 15 U.S.C. §§ 77p(c), 78bb(f)(2). The cases at bar undisputedly involve the type of securities class action to which the Uniform Act applies. But the Uniform Act also provides that it "shall not affect or apply to any action commenced before and pending on the date of enactment of this Act." Pub.L. 105–353 § 101(c). The Uniform Act became law on November 3, 1998, *after* the commencement of the five consolidated cases before the court. Defendants urge the court to decide that the proposed addition of non-parties as class representatives after the effective date of the Uniform Act constitutes the de facto commencement of a new action. The court declines to do so because, as explained below, removal of this case was premature.

The original complaint does not disclose a ground for removal. Instead, defendants rely on 28 U.S.C. § 1446(b), which requires a party to remove a case to federal court within 30 days of receiving "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." As the Seventh Circuit has noted, however, this statutory language "speaks of a motion or other paper that discloses that the case is or has

become removable, not that it may sometime in the future become removable if something happens, in this case the granting of a motion by the state judge." *Sullivan v. Conway*, 157 F.3d 1092, 1094 (7th Cir.1998). In their notice of removal, defendants cite plaintiffs' "intent to amend a complaint" as the jurisdiction-triggering event. But no motion to amend has been filed, much less an amended complaint. Under *Sullivan*, removal jurisdiction based on an amended pleading arises only after the subsequent pleading becomes operative. Similarly, removal in this case based on the addition of parties or claims, if available at all, will become available only upon the filing of an amended complaint.

*Eyak Native Village v. Exxon Corp.*, 25 F.3d 773 (9th Cir.1994), the case upon which defendants rely in asserting that the removal issue is ripe, is not controlling. In that case, the court of appeals held that a reply brief could, in limited circumstances, be treated as a *independent action* in equity. The court concluded that the reply brief, once transformed by the district court in this way, set forth a removable claim. *Id.* at 777–79. The court *did not* hold that intent to pursue a federal claim, expressed in a brief or motion, is grounds for removal; indeed, the court specifically noted that the district court declined to base its ruling on that argument. *Id.* at 777. In *Eyak*, the filing of the reply brief was tantamount to the filing of a new action or amended complaint. Such is not the case here.

Defendants have expressed concern that plaintiffs are attempting to circumvent the amendment process by proposing non-party representatives in its class certification motion. However that may be, it is a matter for the state court applying state procedure to address. In the event that parties or claims not stated in the original complaint are brought into this litigation by some mechanism other than amendment of the complaint, such as a class certification order, defendants would have 30 days in which to file a notice of removal under section 1446(b).

█ Plaintiffs also seek costs and attorney fees pursuant to 28 U.S.C. § 1447(c). Defendants contend that their removal was "fairly supportable" and not in bad faith, making such an award inappropriate, citing an offhand reference in *Lathigra v. British Airways*, 41 F.3d 535, 540 (9th Cir.1994), which quotes *Schmitt v. Insurance Co of North America*, 845 F.2d 1546 (9th Cir.1988). The problem with defendants' contention (to say nothing of the reference in *Lathigra*) is that the Ninth Circuit has expressly rejected *Schmitt* in a reasoned opinion. See *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443 (9th Cir.1992). A modest amount of good old-fashioned cite checking would have uncovered that *Lathigra* cannot be relied upon and the effort to do so deserves an admonition to defendants' counsel.

Defendants' removal was problematic, at best. But, in any event, neither the purported class nor plaintiffs' counsel should be forced to incur the unwarranted expense of defendants' removal whether or not the attempted removal was in good faith or could be buttressed by any "supportable" contentions.

The motion for remand is GRANTED. The court is, therefore, without subject matter jurisdiction to consider defendants' motion for a stay.

Plaintiffs shall within fifteen days of the entry of this order submit substantiation of expenses incurred in the removal. Defendants shall have ten days thereafter within which to contest the amount claimed by plaintiff. The clerk shall terminate all pending motions and transfer the file forthwith to the Superior Court of the State of California in and for the County of San Francisco.

IT IS SO ORDERED.