**Richard DISHER, individually and on behalf of all others similarly situated, Plaintiff,**

v.

**CITIGROUP GLOBAL MARKETS, INC., d/b/a Smith Barney, Defendant.**

**Richard Disher, individually and on behalf of all others similarly situated, Plaintiff,**

v.

**Citigroup Global Markets, Inc., d/b/a Smith Barney, Defendant.**

**Civil Nos. 07–132–GPM, 07–185–GPM.**

United States District Court, S.D. Illinois.

May 3, 2007.

---

Robert L. King, Stephen M. Tillery, Korein Tillery, St. Louis, MO, for Plaintiff.

Jon A. Santangelo, Stinson, Morrison Et Al., St. Louis, MO, Justin D. Lerer, Paul, Weiss et al., New York City, for Defendant.

## MEMORANDUM AND ORDER

MURPHY, Chief Judge.

These cases are before the Court on motions for remand to state court, docketed as Document 7 in both of the above-captioned cases. On its own motion, the Court **CONSOLIDATES** the above-captioned cases. Plaintiff Richard Disher's request for remand is **GRANTED,** and the consolidated cases are **REMANDED** to state court on the basis of procedural defects in removal.

### BACKGROUND

The above-captioned cases involve putative class-action claims under state law against Defendant Citigroup Global Markets, Inc. ("Citigroup"), the successor in interest of Salomon Smith Barney, Inc. ("Smith Barney"). Disher alleges that Smith Barney, operating as a full-service securities firm, offered research and brokerage services to investors like him. The gravamen of Disher's complaint is that Smith Barney disseminated misleading research concerning the value of shares in certain Internet and telecommunications companies, thereby inducing Smith Barney customers like Disher to hold the shares. The instant cases are successors to an earlier action before the Court, *Disher v. Citigroup Global Markets, Inc.,* 486 F.Supp.2d 790, 2007 WL 1231632 (S.D.Ill. 2004), and some discussion of the convoluted procedural history of that case is necessary in order properly to evaluate the instant motions for remand.

Case No. 04–308 was filed by Disher against Citigroup in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, in March 2004, then removed by Citigroup to this Court in May 2004 on the basis of, inter alia, the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), Pub.L. 105–353, 112 Stat. 3227 (codified at 15 U.S.C. § 77p(b)-(f) and 15 U.S.C. § 78bb(f)).[1] In August 2004 the Court remanded Case No. 04–308 to state court for lack of subject matter jurisdiction. Citigroup then appealed from the Court's order of remand. In August 2005 the United States Court of Appeals for the Seventh Circuit held on the basis of *Kircher v. Putnam Funds Trust,* 373 F.3d 847 (7th Cir.2004), that 28 U.S.C. § 1447(d) did not preclude appellate review of the Court's remand order. *See Disher v. Citigroup Global Mkts. Inc.,* 419 F.3d 649, 652 (7th Cir.2005) (*"Disher I "*). The *Disher I* court held further that, on the basis of *Kircher v. Putnam Funds Trust,* 403 F.3d 478 (7th Cir.2005), the claims of Disher and the proposed class were precluded by SLUSA and ordered the Court to vacate

---

1. SLUSA prohibits the maintenance under state law of class actions alleging an untrue statement or omission of a material fact or that a defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of certain securities, including any security listed or authorized to be listed on a national exchange. *See* 15 U.S.C. § 77p(b), (f)(2)(A), (f)(3); 15 U.S.C. § 78bb(f)(1), (f)(5)(B), (f)(5)(E); 15 U.S.C. § 77r(b)(1)(A). Class actions subject to SLUSA that are brought in state court may be removed to federal court under the statute. *See* 15 U.S.C. § 77p(c); 15 U.S.C. § 78bb(f)(2). *See also Potter v. Janus Inv. Fund,* 483 F.Supp.2d 692, 696–97 (S.D.Ill.2007); *Dudley v. Putnam Inv. Funds,* 472 F.Supp.2d 1102, 1104 (S.D.Ill.2007).

the remand order and to dismiss the claims of Disher and the proposed class. See *Disher I*, 419 F.3d at 654–55. In October 2005 the Court executed the mandate of the Seventh Circuit Court of Appeals in *Disher I*, vacating the order of remand and dismissing the claims of Disher and the proposed class pursuant to SLUSA.

In June 2006 the Supreme Court of the United States granted Disher's petition for a writ of certiorari in *Disher I. See Disher v. Citigroup Global Mkts. Inc.*, —— U.S. ——, 126 S.Ct. 2964, 165 L.Ed.2d 947 (2006) ("*Disher II*"). In light of *Kircher v. Putnam Funds Trust*, —— U.S. ——, 126 S.Ct. 2145, 165 L.Ed.2d 92 (2006), which held that appellate review of orders remanding cases removed under SLUSA is precluded by 28 U.S.C. § 1447(d), *see* 126 S.Ct. at 2157, the Supreme Court vacated *Disher I*, and remanded the case to the Seventh Circuit Court of Appeals for further proceedings consistent with the Supreme Court's decision in *Kircher. See Disher II*, 126 S.Ct. at 2964. Thereafter, the Seventh Circuit Court of Appeals issued its mandate, remanding the case to this Court for further proceedings consistent with *In re Mutual Fund Market–Timing Litigation*, 468 F.3d 439 (7th Cir. 2006). *See Disher v. Citigroup Global Mkts. Inc.*, No. 04–3073, 2007 WL 173824, at *1 (7th Cir. Jan.22, 2007) ("*Disher III*"). On March 2, 2007, the Court executed the mandate in *Disher III* by remanding Case No. 04–308 to state court.

On February 16, 2007, Citigroup filed a notice of removal as to the claims of Disher and the proposed class in state court, resulting in the docketing of Case No. 07–132. On March 13, 2007, Citigroup filed still another notice of removal as to those claims, resulting in the docketing of Case No. 07–185.[2] Disher has moved for remand to state court in both cases. The remand motion in Case No. 07–132 has been fully briefed. The remand motion in Case No. 07–185 has not been fully briefed, but the Court's review of the motion and the record in the case discloses that the motion can be decided without a response by Citigroup. Accordingly, the Court now proceeds to rule on Disher's motions for remand in Case No. 07–132 and Case No. 07–185.

### DISCUSSION

### A. Consolidation

■ As an initial matter, the Court takes up sua sponte the question of consolidation of the instant cases. Rule 42 of the Federal Rules of Civil Procedure provides, in pertinent part, "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." FED. R. CIV. P. 42(a). The decision regarding consolidation is committed to a court's discretion. *See United States v. Knauer*, 149 F.2d 519, 520 (7th Cir.1945); *Hansa Med. Prods., Inc. v. Bivona, Inc.*, Nos. IP 85–340–C, IP 85–1056–C, 1987 WL 14496, at *1 (S.D.Ind. Jan. 14, 1987); *Henderson v. National R.R. Passenger Corp.*, 118 F.R.D. 440, 441 (N.D.Ill.1987); *Midwest Cmty. Council, Inc. v. Chicago Park Dist.*, 98 F.R.D. 491, 499 (N.D.Ill.1983). A court may order

---

**2.** Additionally, on March 19, 2007, Citigroup filed a motion under Rule 60 of the Federal Rules of Civil Procedure requesting reconsideration of the Court's order executing the mandate in *Disher III* by remanding Case No. 04–308 to state court, following up the motion for reconsideration by filing a notice of appeal on March 30, 2007. The Court subsequently denied Citigroup's Rule 60 motion. *See Disher v. Citigroup Global Mkts., Inc.*, 486 F.Supp.2d 790 (S.D.Ill.2007).

consolidation sua sponte and, if need be, over the objections of parties. *See Connecticut Gen. Life Ins. Co. v. Sun Life Assurance Co. of Canada*, 210 F.3d 771, 774 (7th Cir.2000); *Smith v. Northeastern Ill. Univ.*, No. 98 C 3555, 2002 WL 377725, at *6 (N.D.Ill. Feb. 28, 2002); *Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.*, Nos. 91 C 6103, 91 C 7362, 1992 WL 159334, at *6 (N.D.Ill. June 30, 1992); *American Photocopy Equip. Co. v. Fair (Inc.)*, 35 F.R.D. 236, 237 (N.D.Ill.1963). *See also Davis v. Beeler*, No. 5:04–HC–246H, 5:04–HC–369H, 2004 WL 3758049, at *1 (E.D.N.C. Sept. 27, 2004); *Gregory v. Starwood Hotels & Resorts Worldwide, Inc.*, Nos. Civ.A. 02–3653, Civ.A. 02–3654, 2003 WL 446824, at *1 (E.D.La. Feb. 19, 2003); *In re Pepco Employment Litig.*, Civ. A. No. 86–0603(RCL), 1990 WL 236073, at *1 (D.D.C. Dec. 20, 1990); 9 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2383 (3d ed. 1998 & Supp.2007) (collecting cases).

█ In this instance the matters before the Court clearly present common questions of fact and law; in fact, as discussed, Case No. 07–132 and Case No. 07–185 are actually a single case filed in state court that Citigroup has removed on two occasions. The parties have not moved for consolidation, but neither is there any evidence that they oppose it, and, notably, their filings in this Court sometimes have treated Case No. 07–132 and Case No. 07–185 as though the cases have been consolidated.[3] In any event, regardless of the parties' views on consolidation, it is apparent to the Court that Case No. 07–132 and Case No. 07–185 should be consolidated, if only to prevent further needless cluttering of the Court's docket through repeated notices of removal as to what is in fact only a single case. *See In re Mutual Fund*

*Market–Timing Litig.*, 468 F.3d at 444 (noting that "a single case was broken into two" through procedural maneuvering in the district court, and that "[t]he district court should not have allowed that to happen."). Accordingly, the Court will consolidate Case No. 07–132 and Case No. 07–185.

## B. Remand

█ Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The party seeking removal has the burden of establishing federal jurisdiction. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir.2006); *LaRoe v. Cassens & Sons, Inc.*, 472 F.Supp.2d 1041, 1044 (S.D.Ill.2006); *Lyerla v. Amco Ins. Co.*, 461 F.Supp.2d 834, 835 (S.D.Ill.2006). " 'Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum.' Put another way, there is a strong presumption in favor of remand." *Fuller v. BNSF Ry. Co.*, 472 F.Supp.2d 1088, 1091 (S.D.Ill.2007) (quoting *Doe v. Allied–Signal, Inc.*, 985 F.2d 908, 911 (7th Cir.1993)). "All doubts about the propriety of removal are to be resolved in favor of remand." *Ford v. Keck*, No. 06–cv–667–DRH, 2007 WL 1022003, at *1 (S.D.Ill. Apr. 2, 2007). *See also Alsup v. 3–Day Blinds, Inc.*, 435 F.Supp.2d 838, 841 (S.D.Ill.2006) ("Doubts concerning removal must be resolved in favor of remand to the state court."); *Littleton v. Shelter Ins. Co.*, No. 99–912–GPM, 2000 WL 356408, at * 1 (S.D.Ill.

---

**3.** The Court refers to, for example, Document 8 in Case No. 07–132 and Document 6 in Case No. 07–185.

Mar. 9, 2000) ("The removal statute, 28 U.S.C. § 1441, is construed narrowly, and doubts concerning removal are resolved in favor of remand.").

■■ In general, a defendant seeking to remove a case from state court to federal court must file a notice of removal within thirty days after service of an initial pleading in the case. *See* 28 U.S.C. § 1446(b). If, however, a case is not removable at the outset, a notice of removal may be filed within thirty days after the defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* The procedural requirements governing removal are not jurisdictional, but they are "mandatory and strictly applied." *Fields v. Jay Henges Enters., Inc.,* Civil No. 06–323–GPM, 2006 WL 1875457, at *2 (S.D.Ill. June 30, 2006). *See also Golke v. Lee Lumber & Bldg. Materials Corp.,* 671 F.Supp. 568, 571 (N.D.Ill. 1987). Specifically, "[t]he plaintiff has a right to remand if the defendant did not take the right steps when removing ... and ... a removed matter must be remanded if there are any defects in the removal procedure." *Yount v. Shashek,* 472 F.Supp.2d 1055, 1063 (S.D.Ill.2006). Moreover, "[a] defendant seeking removal must strictly comply with all the statutory requirements, and where there is doubt as to whether the requirements have been satisfied, the case should be remanded." *Id.* Thus, where a plaintiff raises an objection to a procedural defect in removal

within thirty days of the date of removal, a case must be remanded to state court. *See* 28 U.S.C. § 1447(c); *Potter,* at 703, 708; *Vogel v. Merck & Co.,* 476 F.Supp.2d 996, 1005–06 (S.D.Ill.2007).

In this instance Citigroup points to numerous purported orders or other papers supposedly authorizing removal of the claims of Disher and the proposed class, including: the recent decision of the United States Supreme Court in *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit,* 547 U.S. 71, 126 S.Ct. 1503, 164 L.Ed.2d 179 (2006); *Disher III;* a motion filed by Disher in state court before removal requesting that his case be administratively re-opened in light of *Disher II* and *Disher III,* and requesting also clarification of the assignment of the case and a case management conference, *see* Case No. 07–132, Doc. 2, Ex. 1, together with an order of the state court granting the motion, *see id.,* Ex. 6; a motion filed in state court before removal by one of Disher's attorneys seeking leave to withdraw as counsel, *see id.,* Ex. 4, and an order of the state court granting the motion, *see id.,* Ex. 7; and a motion by Disher for leave to file an amended complaint in state court, together with a copy of Disher's proposed amended complaint. *See id.,* Ex. 2, Ex. 3. Additionally, Citigroup asserts that the removal in Case No. 07–185 is warranted on the basis of a recent decision by another judge of this Court, *Spurgeon v. Pacific Life Insurance Co.,* Nos. 06–cv–0983–MJR, 06–cv–0925–MJR, 2007 WL 685943 (S.D.Ill. Mar. 6, 2007).[4]

---

4. In the Court's experience, it usually is a sign that a removal is on a procedurally shaky footing when a defendant seeking removal cannot point to a single event as the one triggering a right to remove. *See Potter,* 2007 WL 1056676, at 703–09; *Dudley,* 472 F.Supp.2d at 1107–13. The Court notes further that, despite the array of orders and other papers offered by Citigroup as grounds for the removal of the consolidated cases, Citigroup's notices of removal, both of which

are extremely prolix and accompanied by numerous exhibits, nonetheless are not accompanied by the complete record of these proceedings before removal. In general, of course, a defendant seeking removal of an action must file a notice of removal containing "a short and plain statement of the grounds for removal," together with "a copy of all process, pleadings, and orders served upon such defendant or defendants in such

Turning first to the matter of whether *Dabit* or *Spurgeon* authorizes removal of Disher's claims, this Court adheres, of course, to the general rule in the federal courts that documents generated in cases separate from a case as to which removal is sought are neither orders nor other paper within the meaning of 28 U.S.C. § 1446(b). *See Potter,* at 704; *Dudley,* 472 F.Supp.2d at 1110–11. *See also Elm v. Soo Line R.R.,* Civil File No. 06–1817 (MJD/AJB), 2006 WL 1426594, at *2–3 (D.Minn. May 22, 2006); *G.M. Sign, Inc. v. Global Shop Solutions, Inc.,* 430 F.Supp.2d 826, 830 & n. 5 (N.D.Ill.2006); *Anderson v. Bank of Am., N.A.,* No. C 06–1120 SBA, 2006 WL 889491, at *3 (N.D.Cal. Apr. 5, 2006); *Commonwealth v. Tap Pharm. Prods., Inc.,* 415 F.Supp.2d 516, 526–27 (E.D.Pa.2005); *Morsani v. Major League Baseball,* 79 F.Supp.2d 1331, 1332–33 (M.D.Fla.1999); *Lozano v. GPE Controls,* 859 F.Supp. 1036, 1038 (S.D.Tex.1994); *Kocaj v. Chrysler Corp.,* 794 F.Supp. 234, 235–38 (E.D.Mich.1992); *Holiday v. Travelers Ins. Co.,* 666 F.Supp. 1286, 1289–90 (W.D.Ark.1987); *Hollenbeck v. Burroughs Corp.,* 664 F.Supp. 280, 281 (E.D.Mich.1987). In fact, in denying Citigroup's Rule 60 motion in Case No. 04–308 the Court specifically held that *Dabit* is not an order or other paper authorizing removal of the claims of Disher and the proposed class, *see Disher,* at 802 n. 5, 2007 WL 1231632, at *8 n. 5, and that decision is the law of the case. *See Potter,* at 708; *Brooks v. Merck & Co.,* 443 F.Supp.2d 994, 1003–04 (S.D.Ill.2006);

*Hauck v. ConocoPhillips Co.,* Civil No. 06–135–GPM, 2006 WL 1596826, at *6 (S.D.Ill. June 6, 2006).

Turning next to the question of whether the motions filed by Disher in state court before removal authorize removal under 28 U.S.C. § 1446(b), the Court concludes that they do not. This Circuit takes the view, followed by a majority of federal courts, that a plaintiff's moving papers in state court generally do not create a right to remove under Section 1446(b); rather, the event triggering a right to remove is a state-court order granting a plaintiff's motion. *See Sullivan v. Conway,* 157 F.3d 1092, 1094 (7th Cir. 1998) (removal was authorized not by the filing in state court of a motion to amend a complaint to join federal claims but by an order granting the motion; Section 1446(b) speaks of an "amended pleading, motion, order or other paper .... that discloses that the case is or has become removable, not that it may sometime in the future become removable if something happens, [such as] the granting of a motion by the state judge."); *Vidmar Buick Co. v. General Motors Corp.,* 624 F.Supp. 704, 706 (N.D.Ill.1985) (the right to remove was triggered not by a motion but by an order granting the motion: "[T]he removal statute contemplates situations in which defendants wait for enabling state court orders before removing to federal court."). *See also Desmond v. BankAmerica Corp.,* 120 F.Supp.2d 1201, 1204 (N.D.Cal.2000) (holding that a plaintiff's "intent to amend a

action." 28 U.S.C. § 1446(a). Disher has not objected to removal on the basis of Citigroup's failure to comply with the requirements of Section 1446(a) and, in any event, a failure to comply with the requirements of that subsection ordinarily is not grounds to deny removal. *See Riehl v. National Mut. Ins. Co.,* 374 F.2d 739, 742 (7th Cir.1967); *Boxdorfer v. Daimlerchrysler Corp.,* 396 F.Supp.2d 946, 950–51 (C.D.Ill.2005). *See also Usatorres v. Marina Mercante Nicaraguenses, S.A.,*

768 F.2d 1285, 1286–87 (11th Cir.1985); *Covington v. Indemnity Ins. Co. of N. Am.,* 251 F.2d 930, 933 (5th Cir.1958); *Yellow Transp., Inc. v. Apex Digital, Inc.,* 406 F.Supp.2d 1213, 1218–19 (D.Kan.2005). Nevertheless, the Court encourages counsel for defendants seeking removal to comply strictly with Section 1446(a) to ensure that an adequate record of previous proceedings in a removed case is before the Court.

complaint" did not trigger federal jurisdiction and that "removal in this case . . . will become available only upon the filing of an amended complaint."); *Hibbs v. Consolidation Coal Co.,* 842 F.Supp. 215, 217 (N.D.W.Va.1994) (the "majority view" is that a case becomes removable only when a plaintiff is granted leave to file an amended complaint showing that the prerequisites of federal jurisdiction are satisfied, not when the plaintiff requests leave to amend) (collecting cases). *But cf. F.W. Myers & Co. v. World Projects Int'l, Inc.,* No. 96–CV–0763, 1996 WL 550135, at *3 (N.D.N.Y. Sept. 19, 1996) (a case was removable in federal diversity jurisdiction when the plaintiff moved for leave to amend the complaint to assert a demand for damages in excess of the jurisdictional minimum amount).

 Having reviewed carefully the orders of the state court entered before removal, the Court concludes that they do not show the existence of federal subject matter jurisdiction in this case. In fact, the gist of Citigroup's argument as to why the motions and orders filed in state court before removal allow Citigroup to remove the claims of Disher and the proposed class simply is that, because of the Court's 2005 dismissal of those claims under SLUSA, any activity in state court with respect to the subject claims automatically constitutes the commencement of a new, removable action. This argument is expressly foreclosed by the Court's order denying Citigroup's Rule 60 motion challenging the Court's order executing the mandate in *Disher III.* As the Court held in its order on Citigroup's Rule 60 motion, the effect of *Disher II,* in reversing *Disher I,* was to reverse all judgments dependent upon *Disher I,* including the Court's 2005 dismissal order. "The general common-law rule governing the effect of reversal on a judgment is that, after reversal, '[the] decree [is] no longer of any force or effect. The parties [are] in precisely the same situation as though no decree had been entered.'" *Disher,* at 797, 2007 WL 1231632, at *5 (quoting *Kaplan v. Joseph,* 125 F.2d 602, 606 (7th Cir.1942)). "As a corollary of the rule that reversal of a judgment leaves the parties in the same position as if the judgment had never been entered, any judgment that is dependent upon the reversed judgment is reversed as well. 'On the reversal of a judgment, order, or decree by the [reviewing court], a dependent order, judgment, or proceeding, ancillary and accessory to it, shares its fate and falls with it.'" *Id.* at 798, 2007 WL 1231632, *6 (quoting 36 C.J.S. *Federal Courts* § 713 (1955 & Supp.2007)). Thus, "*Disher II,* by vacating *Disher I,* necessarily invalidated all judgments dependent on *Disher I,* including the Court's 2005 order dismissing the claims of Disher and the proposed class under SLUSA. The 2005 order was entirely dependent on *Disher I;* but for the mandate in *Disher I,* the order of dismissal would not have been entered." *Id.* In sum, given *Disher II's* reversal of this Court's 2005 order dismissing the claims of Disher and the proposed class under SLUSA, the motions and orders filed in state court before removal of the instant matter did not commence a new action for removal purposes.[5]

5. The Court notes in passing that it does not agree with Disher's counsel that it was unnecessary for the Court to enter an order remanding Disher's claims to state court in the wake of *Disher III.* It is true that the reversal of *Disher I* operated to reinstate the Court's 2004 order holding that this case is not within federal subject matter jurisdiction, an order that, as the Court held in denying Citigroup's Rule 60 motion, the Court was precluded from revisiting by 28 U.S.C. § 1447(d) on remand following *Disher III. See Disher,* 800, 2007 WL 1231632, at *7. It also is true that "[j]urisdiction is a word of many, too many, meanings." *United Phosphorus, Ltd. v. Angus Chem. Co.,* 322 F.3d 942, 948 (7th Cir.2003) (quoting *United States v. Vanness,* 85 F.3d 661, 663 n. 2 (D.C.Cir.1996)). In general, the removal of an action to federal court entirely

■ Having concluded that the motions and orders filed in state court before removal of the instant claims do not authorize removal, the Court turns to the question of whether the amended complaint sought to be filed by Disher in state court authorizes removal. At the outset the Court notes that it is unclear from the record whether Disher was actually granted leave by the state court to file an amended complaint and, as discussed, in general a defendant's right to remove a case is triggered only by an order granting a plaintiff leave to amend a complaint, not by a plaintiff's motion to amend his or her complaint. At this juncture, of course, the Court is required to construe deficiencies in the record against Citigroup. *See Vogel*, at 1000–01 (quoting *Alsup*, 435 F.Supp.2d at 846) (where the record in a case removed from state court to federal court was unclear as to whether defendants who defeated complete diversity of citizenship actually had been severed out of the case before removal, doubts were to be resolved in favor of remand). However, assuming for the sake of argument that the state court in fact granted Disher leave to amend his complaint, the Court fails to see how Disher's amended complaint triggered a right to remove on the part of Citigroup, because the claims alleged in both Disher's original complaint and his amended complaint are precluded by SLUSA.

Disher's amended complaint asserts class-action claims under state law for breach of fiduciary duty and unjust enrich-ment on the grounds that Citigroup and/or its predecessor entity, Smith Barney, disseminated to investors materially misleading research effectively overvaluing shares in certain Internet and telecommunications companies so that Citigroup and/or Smith Barney could attract investment banking business from those companies. The claims asserted in Disher's amended complaint clearly are precluded under SLUSA. As the United States Supreme Court recently held in *Dabit*, the fact that class-action claims under state law involving alleged misrepresentations or omissions in connection with purchases or sales of covered securities are brought on behalf of holders of such securities, as here, does not take such claims out of the scope of SLUSA, even though holders of securities lack standing to sue under federal securities law. *See* 126 S.Ct. at 1509–15. In fact, in *Dabit* the Court found SLUSA preclusion as to claims substantially identical to those alleged in Disher's amended complaint, namely, that an investment brokerage firm breached fiduciary duties and the duty of good faith and fair dealing by disseminating misleading research intended to enhance the price of its investment banking clients' stocks. *See id.* at 1507, 1515. Where the factual predicate for the claims in Disher's amended complaint is alleged misrepresentation or omission of material facts in connection with purchases or sales of covered securities, the claims are precluded under SLUSA. *See Rowinski v. Salomon Smith Barney, Inc.*, 398 F.3d 294, 300 (3d Cir.2005) (a state-law

---

terminates a state court's jurisdiction over the action, even where the federal court lacks subject matter jurisdiction to entertain the action. *See* 14C Charles A. Wright, Arthur R. Miller, Edward H. Cooper & Joan E. Steinman, *Federal Practice & Procedure* § 3737 (collecting cases). Thus, the Court's order executing the mandate in *Disher III* operated, upon the mailing of a certified copy of the order to the clerk of the state court, to divest this Court of all jurisdiction over Disher's claims and to return jurisdiction to the state court. *See Disher*, 800, 2007 WL 1231632, at *7. The Court notes also that, in all likelihood, the activity in the state court before the mandate in *Disher III* was executed was a nullity, although the Court does not hold that removal of the claims before the Court is improper on that basis.

claim for breach of contract was precluded by SLUSA, where the basis for the claim was misrepresentations or omissions in connection with purchases or sales of covered securities); *Professional Mgmt. Associates, Inc. Employees' Profit Sharing Plan v. KPMG LLP,* 335 F.3d 800, 803 (8th Cir.2003) (state-law negligence claims were precluded by SLUSA); *Siepel v. Bank of Am., N.A.,* 239 F.R.D. 558, 568 (E.D.Mo.2006) (dismissing under SLUSA claims for breach of the fiduciary duty of loyalty and unjust enrichment); *In re Salomon Smith Barney Mut. Fund Fees Litig.,* 441 F.Supp.2d 579, 603–04 (S.D.N.Y. 2006) (dismissing under SLUSA state-law claims for breach of fiduciary duty); *Kingdom 5–KR–41, Ltd. v. Star Cruises PLC,* No. 01 Civ. 2946(DLC), 01 Civ. 7670(DLC), 2004 WL 444554, at *3–5 (S.D.N.Y. Mar. 10, 2004) (dismissing a claim for unjust enrichment as precluded by SLUSA where the basis for the claim was misrepresentations in connection with purchases or sales of covered securities, although the plaintiff alleged no intent to deceive); *Winne v. Equitable Life Assurance Soc'y of U.S.,* 315 F.Supp.2d 404, 413–15 (S.D.N.Y.2003) (SLUSA precluded a state-law claim of deceptive business practices, though the complaint alleged no intent to defraud); *In re WorldCom, Inc.,* 263 F.Supp.2d 745, 769–70 (S.D.N.Y.2003) (SLUSA precluded state-law claims for negligence); *Dacey v. Morgan Stanley Dean Witter & Co.,* 263 F.Supp.2d 706, 710–12 (S.D.N.Y.2003) (dismissing under SLUSA claims for breach of contract); *Araujo v. John Hancock Life Ins. Co.,* 206 F.Supp.2d 377, 382 (E.D.N.Y. 2002) (holding that a plaintiff's state-law claims for breach of contract and unjust enrichment were precluded by SLUSA because the complained-of conduct consisted of an alleged misrepresentation of a material fact); *Korsinsky v. Salomon Smith Barney Inc.,* No. 01 Civ. 6085(SWK), 2002 WL 27775, at *4 (S.D.N.Y. Jan. 10, 2002) (SLUSA precluded state-law claims where,

although "the complaint clearly states that '[t]his is not an action for fraud,'" the complaint in fact contained "several instances of alleged misrepresentations" and omissions by the defendants); *Gibson v. PS Group Holdings, Inc.,* No. 00–CV–0372 W(RBB), 2000 WL 777818, at *3 (S.D.Cal. March 8, 2000) (dismissing under SLUSA claims for restitution and equitable relief where the basis for the claims was alleged misrepresentations and omissions of material fact).

 Although the claims asserted in Disher's amended complaint are precluded by SLUSA, this is not, of course, the end of the Court's analysis as to the propriety of the exercise of federal jurisdiction on removal in this instance. In this Circuit, where, as here, a defendant has failed to effect timely removal of a case within thirty days of commencement of the case, the defendant's right to remove the case is revived only if "the plaintiff files an amended complaint that so changes the nature of his action as to constitute 'substantially a new suit begun that day.'" *Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n,* 668 F.2d 962, 965 (7th Cir.1982) (quoting *Fletcher v. Hamlet,* 116 U.S. 408, 410, 6 S.Ct. 426, 29 L.Ed. 679 (1886)) (holding that the amendment of a complaint to join federal civil-rights claims did not permit removal, where the original complaint in the case asserted federal claims and thus was removable to federal court at the commencement of the case). *See also Buller Trucking Co. v. Owner Operator Indep. Driver Risk Retention Group, Inc.,* 461 F.Supp.2d 768, 780 (S.D.Ill.2006) (holding that a defendant's right to remove a class action in diversity jurisdiction was not revived by a plaintiff's filing of an amended complaint because "the allegations of [the plaintiff's] operative complaint regarding damages [were] identical ... to those asserted in [the] original complaint."); *Phoenix Container, L.P. v. Sokoloff,* 83 F.Supp.2d 928, 933

(N.D.Ill.2000) (an amended complaint revives the right to remove "where the amended complaint in effect begins a new case[.]"); *Jeffrey M. Goldberg & Assocs. v. Collins, Tuttle & Co.*, 739 F.Supp. 426, 430 (N.D.Ill.1990) (the addition of a "new tortious interference claim" that did not change the basic legal theory in an initially-removable complaint did not authorize a second opportunity for removal); *Dartmouth Plan, Inc. v. Delgado*, 736 F.Supp. 1489, 1492 (N.D.Ill.1990) (quoting *Wilson*, 668 F.2d at 965) ("If an amended complaint so changes the nature of an action as to constitute 'substantially a new suit,' ... or 'an entirely new and different suit,' ... then a defendant is given additional time to seek removal."); *Yocum v. Greeff Fabrics, Inc.*, No. 85 C 8960, 1986 WL 5766, at *2 (N.D.Ill. May 8, 1986) (an amended complaint revives the right to remove only if it alters "the basic character of the litigation"). *Cf.* 14C Wright, Miller, Cooper & Steinman, *Federal Practice & Procedure* § 3732 (explaining the basis for the "revival" exception to the normal rule that failure to remove within thirty days of receipt of an initial pleading waives the right to remove: "[A] willingness on the part of the defendant to remain in a state court to litigate a particular claim should not be interpreted as a willingness on his part to remain in a state court to adjudicate a completely different claim.") (collecting cases). In this instance it is apparent that Disher's amended complaint did not revive Citigroup's right to remove the claims of Disher and the proposed class to federal court.

 In the particular context of a case that, as here, is brought in state court under state law, but that nonetheless is removable to federal court as "arising under" federal law within the meaning of 28 U.S.C. § 1331, the doctrine of revival of a defendant's right of removal means that, where the claims asserted in an initial pleading are removable to federal court in so-called "federal question" jurisdiction but are not timely removed, an amended complaint asserting claims that also are removable under Section 1331 does not revive a defendant's right to remove. *See Parker v. Henderson Indep. Sch. Dist.*, No. 6:06–CV–278, 2007 WL 1006941, at *3 (E.D.Tex. Mar. 30, 2007) (where the claims alleged in an original complaint in a case were completely preempted by the Labor Management Relations Act ("LMRA") so as to be removable to federal court in federal question jurisdiction, a defendant's right to remove was not revived by the filing of an amended complaint asserting claims also completely preempted under the LMRA and thus removable to federal court); *Mein v. Carus Corp.*, No. 95 C 6712, 1996 WL 66129, at *3 (N.D.Ill. Feb. 13, 1996) (where the claims alleged in the original complaint in a case were completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA") so as to be removable to federal court in federal question jurisdiction, but a defendant failed to effect timely removal, the defendant's right to remove was not revived by the filing of an amended complaint that asserted state-law claims completely preempted by ERISA); *Pearson v. Gerber Prods. Co.*, 788 F.Supp. 410, 412–13 (W.D.Ark.1992) (same); *Medical Coll. of Wis. Faculty Physicians & Surgeons v. Pitsch*, 776 F.Supp. 437, 438–41 (E.D.Wis. 1991) (same); *Douglass v. Weyerhaeuser Co.*, 662 F.Supp. 147, 150–52 (C.D.Cal. 1987) (same).[6] In this case Disher's

---

**6.** The Court has noted on previous occasions that preclusion of state-law claims under SLUSA operates differently than so-called "complete preemption" of state law by federal law under a federal statute like the LMRA or ERISA. The doctrine of complete preemption provides generally that a state-law cause of action is removable if a federal statute provides the exclusive remedy for the injury al-

amended complaint merely asserts class-action claims under state law that, like the class-action claims under state law asserted in Disher's original complaint, are precluded by SLUSA, so that the amended complaint did not revive Citigroup's right to remove.

Disher's original state-court complaint asserted class-action claims under state law for breach of contract, breach of fiduciary duty, common-law fraud, unjust enrichment, and negligence. Disher's amended complaint omits the claims for breach of contract, fraud, and negligence pleaded in his original complaint, but, as discussed, retains the claims for breach of fiduciary duty and unjust enrichment. The claims alleged in Disher's amended complaint are precluded under SLUSA, as the Court has explained, but so too are the claims asserted in the original complaint. The factual predicate for the claims asserted in both Disher's original complaint and his amended complaint is the misrepresentation or omission of material facts by Citigroup and/or its predecessor in interest, Smith Barney, in connection with purchases or sales of covered securities, so that the claims asserted in both pleadings are precluded by SLUSA. In the Court's 2004 order remanding the claims of Disher and the proposed class to state court, the Court held that the claims are not within the scope of SLUSA because brought on behalf of a proposed class of holders of covered securities, a decision that, as discussed, the Supreme Court's decision in *Dabit* effectively has overruled. As *Dabit* shows, the claims asserted in Disher's original complaint were precluded by SLUSA and thus removable to federal court under the statute, consistent with the presumption in favor of retroactive application of the holdings of judicial precedents in pending civil cases. *See Solem v. Stumes,* 465 U.S. 638, 642, 104 S.Ct. 1338, 79 L.Ed.2d 579 (1984); *United States v. 47 West 644 Route 38, Maple Park, Ill.,* 190 F.3d 781, 782 (7th Cir.1999); *Luckett v. Jett,* 966 F.2d 209, 212–13 (7th Cir.1992); *Chowaniec v. Arlington Park Race Track, Ltd.,* 934 F.2d 128, 131 (7th Cir.1991); *Konradi v. United States,* 919 F.2d 1207, 1214 (7th Cir.1990); *NLRB v. Bufco Corp.,* 899 F.2d 608, 611–12 (7th Cir.1990); *Anton v. Lehpamer,* 787 F.2d 1141, 1143 (7th Cir.1986); *NLRB v. Lyon & Ryan Ford, Inc.,* 647 F.2d 745, 757 (7th Cir.1981); *Jimenez v. Weinberger,* 523 F.2d 689, 704 (7th Cir.1975); *Bell v. Trustees of Purdue Univ.,* 761 F.Supp. 1360, 1363 (N.D.Ind. 1991). The claims asserted in Disher's original complaint were precluded by SLUSA and thus were removable to federal court in federal question jurisdiction under 28 U.S.C. § 1331. Likewise, the claims asserted in Disher's amended complaint also are precluded by SLUSA and

---

leged. *See Kuntz v. Illinois Cent. R.R. Co.,* 469 F.Supp.2d 586, 590–91 (S.D.Ill.2007); *Fuller,* 472 F.Supp.2d at 1092–93. SLUSA, by contrast, does not furnish a private federal remedy and instead merely holds that certain state-law claims relating to securities cannot be maintained as class actions. In this respect it constitutes a legislative repeal of the federal common-law doctrine that a defense based on federal law ordinarily does not give rise to "arising under" jurisdiction within the meaning of 28 U.S.C. § 1331, *see Potter,* at 706–07; *Dudley,* 472 F.Supp.2d at 1104 n. 1, although, as the United States Supreme Court pointed out in *Dabit,*

SLUSA does not actually pre-empt any state cause of action. It simply denies plaintiffs the right to use the class action device to vindicate certain claims. The Act does not deny any individual plaintiff, or indeed any group of fewer than 50 plaintiffs, the right to enforce any state-law cause of action that may exist.

126 S.Ct. at 1514. *See also* 15 U.S.C. § 77p(f)(2)(A); 15 U.S.C. § 78bb(f)(5)(B). Of course, the traditional distinction drawn by the federal courts between "complete pre-emption" and "conflict preemption" is not especially meaningful for purposes of the matter before the Court.

thus are removable. Accordingly, Disher's amended complaint did not revive Citigroup's right of removal.

■ Finally, the Court addresses the question of whether *Disher III* authorizes removal of the claims of Disher and the proposed class. As discussed, *Disher III* simply executed the mandate of the United States Supreme Court in *Disher II*, stating:

This case is before the court on remand from the Supreme Court of the United States. The Supreme Court vacated our earlier judgment, *see Kircher v. Putnam Funds Trust,* 403 F.3d 478 (7th Cir. 2005), and remanded the case to us with instructions to reconsider our earlier determination in light of *Kircher v. Putnam Funds Trust,* 547 U.S. ——, 126 S.Ct. 2145, 165 L.Ed.2d 92 (2006). *See Disher v. Citigroup Global Markets, Inc.,* 548 U.S. ——, 126 S.Ct. 2964, 165 L.Ed.2d 947 (2006).

*Kircher* came from this circuit, and we already have taken action in that matter in light of the decision of the Supreme Court. *See In the Matter of Mutual Fund Market–Timing Litigation,* 468 F.3d 439 (7th Cir.2006). The same action is appropriate here. Accordingly, because we lack jurisdiction, we dismiss the appeal.

*Disher III,* 2007 WL 173824, at *1. The Court entirely fails to discern in the text of *Disher III* anything "from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). The Disher III decision is wholly silent as to the existence of federal subject matter jurisdiction with respect to the claims of Disher and the proposed class and in fact, as has been discussed, the Court found *Disher III* to require remand of those claims to state court. *See Disher,* at 797–802, 2007 WL 1231632, at *5–9. *See also Potter,* at 704–09, 2007 WL 1056676, at *11–14 (holding that a mandate

of the Seventh Circuit Court of Appeals directing remand of various cases removed to federal court pursuant to SLUSA in light of the United States Supreme Court's decision in *Kircher* was not an order from which the existence of federal subject matter jurisdiction could be ascertained within the meaning of Section 1446(b) so as to permit successive removals of one of the remanded cases); *Ford,* 2007 WL 1022003, at *6 n. 1 (an order remanding a case to state court for lack of federal diversity jurisdiction did not show the existence of subject matter jurisdiction so as to permit a second removal of the case); *Dudley,* 472 F.Supp.2d at 1107–10 (holding that neither a mandate of the Seventh Circuit Court of Appeals ordering remand of a case to state court in light of the Supreme Court's decision in *Kircher* nor an order of this Court executing the Seventh Circuit's mandate was an "order or other paper" for purposes of Section 1446(b) from which the existence of federal subject matter jurisdiction could be ascertained so as to permit a second removal of the case). The Court concludes that *Disher III* does not authorize removal of the claims of Disher and the proposed class.

■ In holding that the procedural requirements for removal are not met in this instance, the Court acknowledges that it was an error to deprive Citigroup of a federal forum on the original removal of the claims of Disher and the proposed class in 2004. In remanding the instant claims in 2004, the Court held incorrectly that SLUSA does not apply to state-law class actions on behalf of holders of securities. As *Dabit* shows, this construction of the statute is wrong, although it should be noted that this Court's error is one that many sister courts made before *Dabit. See Potter,* at 696 (collecting cases). As a rule, of course, to the extent equitable considerations have any bearing on the exercise of federal jurisdiction on removal,

those equities are to be weighed against removal and in favor of state court. *See Rutherford v. Merck & Co.*, 428 F.Supp.2d 842, 852 (S.D.Ill.2006). *See also Vasquez v. Alto Bonito Gravel Plant Corp.*, 56 F.3d 689, 694 (5th Cir.1995) ("[T]o the extent we might harbor some doubt about the equities in this case, we are required to resolve those doubts in favor of nonremoval."). In this instance, where Citigroup has failed to point to some event since the original remand of the claims of Disher and the proposed class that has triggered a right to remove those claims again, the Court must remand those claims. Citigroup is free to press its defense of SLUSA preclusion in state court. *See Kircher*, 126 S.Ct. at 2156–57; *Disher*, at 800–01, 2007 WL 1231632, at *8; *Potter*, at 606–07; *Dudley*, 472 F.Supp.2d at 1112–13. As has been discussed, the claims before the Court are due to be dismissed under SLUSA. This case is on all fours with *Dabit*, regardless of the labels Disher attaches to the state-law causes of action in his complaint, and regardless of whether federal law furnishes Disher and the proposed class any remedy. *See* 126 S.Ct. at 1511–15. Indeed, even if the role of Citigroup and/or its predecessor, Smith Barney, in the misrepresentations and omissions at issue were less central to the claims in this case (if, for example, it were alleged that Citigroup and/or Smith Barney were negligent in failing to prevent securities fraud by their agents or by third parties), the claims of Disher and the proposed class nonetheless would be precluded by SLUSA. *See Potter*, at 695–702 (class-action claims under state law alleging that managers of mutual funds were negligent in failing to protect investors in the funds from loss caused by securities fraud in the form of a pattern of market-timed trades in foreign securities held by the funds were precluded under SLUSA).

The Court's conclusion that the claims of Disher and the proposed class are precluded by SLUSA is necessary to the Court's holding that the procedural requirements for removal are not met in this instance, as, for example, in the Court's discussion *supra* about why Disher's amended complaint did not revive Citigroup's right to remove the instant claims. Accordingly, Citigroup will be entitled to assert the Court's determination that the claims of Disher and the proposed class are precluded by SLUSA as the law of the case in state court after remand. *See Potter*, at 708–09 (holding that the claims asserted in a putative state-law class action removed under SLUSA were precluded under the statute, but holding further that the removing defendants' failure to satisfy the procedural prerequisites for removal required remand of the case to state court; the determination on removal that the claims of the proposed class were SLUSA-precluded would be the law of the case in state court after remand). Where Citigroup has failed to point to an event authorizing successive removals of the claims of Disher and the proposed class, however, the Court is constrained to remand those claims to state court.

### CONCLUSION

It is hereby **ORDERED** that, sua sponte, Case No. 07–132 and Case No. 07–185 are **CONSOLIDATED**. Disher's request for remand of the consolidated matters (Doc. 7 in Case No. 07–132 and Case No. 07–185) is **GRANTED**. Pursuant to 28 U.S.C. § 1447(c), the consolidated cases are **REMANDED** to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, by reason of procedural defects in removal. All further activity in these consolidated matters after remand should proceed in Case No. 04–L–265 in the Cir-

cuit Court of the Third Judicial Circuit, Madison County, Illinois.

**IT IS SO ORDERED.**